NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0119n.06

No. 10-5721

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jan 31, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| EDDIE GENE FRAKER, | ) | O P I N I O N |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:     BOGGS, COLE, and SUTTON, Circuit Judges.

COLE, Circuit Judge.  Defendant-Appellant Eddie Fraker pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The district court found Fraker subject to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and sentenced him to 180 months' imprisonment, the statutory mandatory minimum.  Fraker appeals this sentence and his classification as an armed career criminal, arguing that the government failed to properly establish Fraker's three predicate offenses.  We disagree and AFFIRM.

I.  BACKGROUND

In December 2008, Fraker pleaded guilty to one count of being a felon in possession of a firearm.  This plea arose out of the December 13, 2007 burglary of Robby Carden's residence, and the theft, and later resale, of Carden's shotgun.  In the plea agreement, Fraker stipulated that at some point between December 13, 2007 and January 26, 2008, he knowingly possessed and sold the shotgun to William Grisham.  Fraker entered into the plea agreement unaware of his exact sentence,

but knowing that the length of his sentence would be affected by whether he was subject to the ACCA. If he was, he would face a fifteen-year statutory mandatory minimum. Otherwise, his sentence could not exceed the ten-year statutory maximum.

The Presentence Report ("PSR") calculated Fraker's base offense level as twenty-four, but applied a two-level enhancement for possession of a stolen firearm and a four-level enhancement due to the quantity of firearms possessed. Fraker's multiple prior violent felony convictions—robbery, two counts of aggravated burglary, and attempted burglary—served as a basis for his classification as an armed career criminal, increasing his offense level to thirty-three. Because Fraker also received a three-level reduction for acceptance of responsibility, the PSR ultimately recommended a total offense level of thirty and a criminal history category of VI. Although the combination of his offense level and criminal history category corresponded to a 168-to-210 month guidelines sentencing range, armed career criminals are subject to a statutorily mandated minimum sentence of 180 months, so the guidelines range increased to 180-to-210 months.

Fraker objected to his classification as an armed career criminal, contending that his robbery, aggravated burglary, and attempted burglary convictions were improperly counted as predicate offenses under the ACCA. Fraker argued that, under Tennessee law, neither attempted burglary nor robbery are inherently violent crimes, so those convictions could not serve as a basis for the armed career criminal enhancement. The district court held a sentencing hearing in which a probation officer provided details of Fraker's offenses, including testimony of the violent nature of Fraker's robbery conviction. At the final sentencing hearing, the district court determined that the attempted

burglary was not a predicate offense, but nevertheless that Fraker did qualify as an armed career criminal based on his two aggravated burglary convictions and his robbery conviction. The district court sentenced Fraker to the statutory mandatory minimum of 180 months' imprisonment.

## II. ANALYSIS

A district court's determination that a defendant qualifies as an armed career criminal is reviewed de novo. *United States v. Vanhook*, 640 F.3d 706, 709 (6th Cir. 2011). Under the ACCA, a defendant convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) is subject to a fifteen-year mandatory minimum sentence if he has previously been convicted of three or more violent felonies or serious drug offenses. *See* 18 U.S.C. § 924(e)(1). It is the government's burden to prove that the defendant's prior felony convictions qualify as ACCA predicate offenses. *See United States v. Goodman*, 519 F.3d 310, 316 (6th Cir. 2008). A violent felony conviction serves as a predicate offense if it was a "crime punishable by imprisonment for a term exceeding one year . . . [that] has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." 18 U.S.C. § 924(e)(2)(B), (B)(i). This physical force element has been interpreted to require "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010) (emphasis omitted).

Fraker objects to the use of the robbery conviction as a predicate offense, contending that the government failed to establish that this offense was a violent felony under the ACCA. The Tennessee robbery statute under which Fraker was previously convicted defines the crime as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a). This robbery statute includes criminal activity outside

the scope of the ACCA because a defendant can violate the statute by employing only fear, rather than physical violence or force. To use this conviction under a nongeneric statute as an ACCA predicate offense, the government carries the additional burden of proving that Fraker did, in fact, engage in violence during the commission of the crime. *See Taylor v. United States*, 495 U.S. 575 (1990). To meet this burden, the government must present *Shepard* documents, such as "the charging document, the terms of a plea agreement . . . [or] some comparable judicial record of this information" to establish that the defendant's conviction did involve the elements of the generic offense, including violence. *Shepard v. United States*, 544 U.S. 13, 26 (2005).

There is no question that Fraker's robbery conviction involved an element of violence. In his plea agreement, Fraker pleaded guilty to robbery and admitted that he "unlawfully, intentionally, by violence, [took] from the person of Julie O'Dell Wilbur a purse." Accordingly, Fraker does not challenge the violent nature of his robbery conviction; rather he solely contends that the *Shepard* documents were not before the district court in a timely manner. Fraker alleges that the government failed to timely present the *Shepard* documents because they were not furnished prior to the sentencing hearing. Although Fraker cites no legal basis for this argument, he alleges a general unfairness in allowing the government to supplement the record with *Shepard* documents at the sentencing hearing, after the PSR objections are filed. At the sentencing hearing, Fraker's attorney summarized this argument as:

> [I]t's a Catch-22. It would not have been an issue if we just agreed to [the defendant's classification as an armed career criminal], but if we question it, then they supplement the record. So either we don't bring it up and he's found to be [an armed] career [criminal] or we do bring it up and they supplement the record and he's found to be [an armed] career [criminal].

Fraker's argument not only lacks legal authority, but it also defies logic. Fraker seems to overlook the possibility that he was sentenced under the ACCA, not because of a Catch-22, but rather because he is, in fact, an armed career criminal who has committed three violent felonies. Because the district court correctly found that Fraker's robbery and two counts of aggravated burglary convictions were predicate offenses under the ACCA, Fraker's 180-month sentence is proper.

## III. CONCLUSION

The defendant's 180-month sentence based on the Armed Career Criminal Act is AFFIRMED.