RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 12a0099p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee/Cross-Appellant,*

       *v.*

DERRICK JOHNSON, aka Derik Johnson, aka
Jalidawud Abdullah, aka Mutee Abdullah
Jalidawud, aka Jalidawud Mutee Abdullah,
       *Defendant-Appellant/Cross-Appellee.*

Nos. 10-5691/5778

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 08-20432-001—S. Thomas Anderson, District Judge.

Decided and Filed: April 11, 2012

Before: KEITH, GRIFFIN, and STRANCH, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Stephen B. Shankman, April R. Goode, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant. Alexia M. Fulgham, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

_____

## OPINION

_____

GRIFFIN, Circuit Judge. Following a jury trial, defendant Derrick Johnson was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In this sentencing appeal, Johnson asserts that the district court erred in ordering his federal and state-court sentences to be served consecutively without proper articulation. On cross-appeal, the government contends that the district court erred in refusing to sentence Johnson as an "armed career criminal" under 18 U.S.C. § 924(e). For the reasons that follow, we find the government's cross-appeal meritorious and,

accordingly, vacate Johnson's sentence and remand for resentencing.  In view of our disposition, we dismiss as moot defendant's appeal.

I.

Johnson was convicted of being a felon in possession of a firearm on December 16, 2009.  Soon thereafter, a presentence investigation report ("PSR") was compiled, recommending an advisory Guidelines range of 210 to 262 months' imprisonment, well-above the statutory maximum of 120 months.  18 U.S.C. § 924(a)(2).  The government filed objections to the PSR, asserting that Johnson qualified as an "armed career criminal," requiring a mandatory minimum sentence of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1).  Specifically, the government asserted that Johnson's Missouri conviction for third-degree assault was Johnson's third "violent felony," as defined in 18 U.S.C. § 924(e)(2)(B).

At sentencing, the district court rejected the government's argument that Johnson qualified as an armed career criminal, noting that Missouri's third-degree assault statute punishes reckless as well as intentional conduct.  Then, after assessing the factors set forth in 18 U.S.C. § 3553(a), the court imposed the statutory maximum sentence of 120 months' imprisonment, to be served consecutively to Johnson's state-court sentence for probation violation.  Following entry of final judgment, both Johnson and the government filed timely appeals.

II.

The government argues that the district court erred in failing to sentence Johnson as an armed career criminal.  We agree, requiring that we vacate Johnson's sentence and remand for resentencing.  Accordingly, we need not address Johnson's issues on appeal.[1]

The Armed Career Criminal Act ("ACCA") requires a fifteen-year mandatory minimum sentence for defendants convicted of three or more "serious drug offense[s]"

---

[1]While we do not address the district court's ruling regarding a consecutive sentence, we caution the district court that in imposing a consecutive sentence, it should expressly consider the factors listed in 18 U.S.C. § 3553(a), as well as U.S.S.G. § 5G1.3(c) and the relevant commentary. *United States v. Johnson*, 553 F.3d 990, 997-98 (6th Cir. 2009).

or "violent felon[ies]."  18 U.S.C. § 924(e)(1).**2**  An offense is considered a "violent felony" if (1) it "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary, arson, . . . extortion, [or] involves [the] use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  Whether a prior conviction qualifies as a "violent felony" is a question of law we review de novo. *United States v. Benton*, 639 F.3d 723, 729 (6th Cir. 2011).

"[I]n determining the nature of a defendant's prior conviction, we apply a 'categorical' approach, meaning that we look at the statutory definition of the crime of conviction, not the facts underlying that conviction, to determine the nature of the crime." *United States v. Ford*, 560 F.3d 420, 421-22 (6th Cir. 2009).  If, however, "it is possible to violate a criminal law in a way that amounts to a crime of violence and in a way that does not, we may look at the indictment, guilty plea and similar documents to see if they 'necessarily' establish the nature of the prior offense."**3**  *Id.* at 422. Reference to such documents is often referred to as the "modified categorical approach." *Johnson v. United States*, 130 S. Ct. 1265, 1273 (2010).

In Missouri, the crime of third-degree assault is defined as follows:

1. A person commits the crime of assault in the third degree if:

(1) The person attempts to cause or recklessly causes physical injury to another person; or

(2) With criminal negligence the person causes physical injury to another person by means of a deadly weapon; or

(3) The person purposely places another person in apprehension of immediate physical injury; or

(4) The person recklessly engages in conduct which creates a grave risk of death or serious physical injury to another person; or

---

**2**It is undisputed that Johnson's prior convictions for robbery with a deadly weapon and aggravated assault constitute "violent felonies" as defined by 18 U.S.C. § 924(e)(2)(B).

**3**"A 'crime of violence' under the career-offender provision is interpreted identically to a 'violent felony' under [the] ACCA." *United States v. Young*, 580 F.3d 373, 380 n.5 (6th Cir. 2009).

(5) The person knowingly causes physical contact with another person knowing the other person will regard the contact as offensive or provocative; or

(6) The person knowingly causes physical contact with an incapacitated person, as defined in section 475.010, RSMo, which a reasonable person, who is not incapacitated, would consider offensive or provocative.

Mo. Ann. Stat. § 565.070.1(1)-(6). Because Johnson had twice committed third-degree assault against a family or household member, his third conviction for this offense was classified as a class D felony.[4] *Id.*, § 565.070.4.

In this case, the government concedes that Missouri's third-degree assault is not a "violent felony" under the categorical approach. Indeed, this crime encompasses a wide range of conduct, some of which is merely reckless. *See United States v. McMurray*, 653 F.3d 367, 377 (6th Cir. 2011) (holding that "recklessly causing serious bodily injury to another does not qualify as a 'violent felony'" under the ACCA). Accordingly, pursuant to the modified categorical approach, the court "may consider the indictment, the plea agreement, the plea colloquy or 'comparable judicial record[s]'" to determine the nature of the offense. *United States v. Mosley*, 575 F.3d 603, 606 (6th Cir. 2009) (quoting *Shepard v. United States,* 544 U.S. 13, 26 (2005)).

Johnson was indicted under subsection 1.1 of Missouri's third-degree assault statute, which provides: "A person commits the crime of assault in the third degree if . . . [t]he person attempts to cause or recklessly causes physical injury to another person[.]" Mo. Ann. Stat. § 565.070.1(1). Because this subsection punishes both reckless and intentional conduct, Johnson asserts that his conviction cannot constitute a violent felony. Johnson, however, was never *charged* with reckless conduct. The criminal information and its amended versions make clear that Johnson was only charged with the "attempt[] to cause physical injury" to another. Indeed, the jury was not instructed that it could convict Johnson based upon a finding of recklessness; rather, the jury was required to find that Johnson "attempted to cause physical injury" in order

---

[4]The fact that third-degree assault is normally a misdemeanor offense does not prevent the conviction from being considered a violent felony when the conviction is enhanced due to the defendant's status as a recidivist. *See e.g.*, *Young*, 580 F.3d at 376-81.

to return a guilty verdict. *See Taylor v. United States*, 495 U.S. 575, 602 (1990) (noting that a court may look at the indictment and jury instructions to determine whether a defendant was convicted of a violent felony).

Under the modified categorical approach, Johnson asserts that judicial records may be analyzed to determine which subsection of a statute was charged, but not to determine *which portion* of a subsection was charged. This argument is meritless. "Just because a state legislature chooses to place a variety of proscribed acts in one statute (*or even one subsection of a statute*) does not mean that all of the listed acts must be classified as one category of offense for purposes of defining a [violent felony] under federal law." *Mosley*, 575 F.3d at 606 (emphasis added). "The 'categorical approach requires courts to choose the right category,' . . . and sometimes that choice requires the federal courts to draw distinctions that the state law on its face does not draw." *Id.* (quoting *Chambers v. United States*, 555 U.S. 122, 126 (2009)). In this case, subsection 1.1 of Missouri's third-degree assault statute may be violated in one of two ways: through a purposeful attempt to cause physical injury, or through reckless conduct actually resulting in physical injury. Accordingly, we must examine the indictment and jury instructions to establish the "nature of the offense" charged. *Id.* In this case, Johnson was unambiguously charged with and convicted of the intentional attempt to cause physical injury to another.

Having clarified the nature of the crime at issue, we must determine whether it constitutes a "violent felony." The government contends that Johnson's conviction for third-degree assault qualifies as a violent felony because it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). This statutory language, often referred to as the "residual clause," *Chambers*, 555 U.S. at 124, "is not intended as a catch-all provision." *Benton*, 639 F.3d at 731. "Instead, 'the provision's listed examples – burglary, arson, extortion, or crimes involving the use of explosives – illustrate the kinds of crimes that fall within the statute's scope. Their presence indicates that the statute covers only similar crimes, rather than every crime that 'presents a serious potential risk of physical injury to

another.'" *Id.* (quoting *Begay v. United States*, 553 U.S. 137, 142 (2008)). Therefore, an offense is a violent felony if it is "roughly similar, in kind as well as in degree of risk posed," to the listed examples, which typically involve "purposeful, violent, and aggressive conduct." *Begay*, 553 U.S. at 143-45.[5] In addition, we must consider whether the prior offense "conduct is such that it makes more likely that an offender, later possessing a gun, will use that gun deliberately to harm a victim." *Id.* at 145.

We have formulated these considerations into a two-part test. To be considered a "violent felony" under the residual clause of the ACCA, the offense must "(1) pose[] a serious potential risk of physical injury to others; and (2) involve[] the same kind of purposeful, violent, and aggressive conduct as the enumerated offenses of burglary, arson, extortion, or offenses involving the use of explosives." *Young*, 580 F.3d at 377. Recently, however, the Supreme Court has noted that "[i]n many cases the purposeful, violent, and aggressive inquiry will be redundant with the inquiry into risk, for crimes that fall within the former formulation and those that present serious potential risks of physical injury to others tend to be one and the same." *Sykes v. United States*, 131 S. Ct. 2267, 2275 (2011). Accordingly, the risk level presented by the offense constitutes our primary inquiry, as it may often "suffice[] to resolve the case[.]" *Id.* at 2275-76.

In the case at bar, Johnson's third-degree assault conviction most certainly "poses a serious potential risk of physical injury to others." *Young*, 580 F.3d at 377. Indeed, the very definition of the crime requires that the offender attempt to cause physical injury to another with the purpose of causing such injury. *Cf. United States v. Johnson*, 587 F.3d 203, 210-11 (3d Cir. 2009) ("In the ordinary case, a violation of [Pennsylvania's simple assault statute] poses a degree of risk of physical injury because the defendant must cause or attempt to cause bodily injury to the victim. In other words, the statute itself contemplates bodily harm to the victim as a prerequisite to conviction.").

---

[5]In *Begay*, for example, the Supreme Court held that driving under the influence of alcohol is a strict liability crime that differs materially from the violent and aggressive crimes of arson, burglary, extortion, and crimes involving explosives. 639 F.3d at 148.

While of secondary importance under *Sykes*, Johnson's third-degree assault conviction is also "similar in kind" to the enumerated offenses because it involves "purposeful, violent, and aggressive conduct." *Begay*, 553 U.S. at 145. Indeed, because the offense "requires intent that . . . bodily injury be caused," it constitutes "violent and aggressive conduct." *Benton*, 639 F.3d at 732 (internal quotation marks omitted); *see also Johnson*, 587 F.3d at 212 ("[T]here can be no doubt that simple assault is at least as violent and aggressive as the enumerated crimes because a defendant who intentionally or knowingly commits that offense intends to impair the victim's physical condition or cause her substantial pain, while no such objective is required by the enumerated crimes."). Moreover, the crime charged against Johnson "is exactly the kind of conduct that 'makes [it] more likely that an offender, later possessing a gun, will use that gun deliberately to harm a victim.'" *Benton*, 639 F.3d at 732 (quoting *Begay*, 553 U.S. at 146). Certainly, the intentional attempt to cause physical injury to another demonstrates Johnson's capacity for violence. Accordingly, we hold that Johnson's third-degree assault conviction is a violent felony.[6] *See Johnson*, 587 F.3d at 212; *United States v. Pratt*, 913 F.2d 982, 993 (1st Cir. 1990) (holding simple assault to be a crime of violence).

Johnson makes several arguments as to why his third-degree assault conviction does not qualify as a violent felony, none of which are persuasive. First, Johnson contends that third-degree assault is not a violent or aggressive offense because it can be perpetrated through "guile, deception, or deliberate omission." Johnson, however, cites to no Missouri case where third-degree assault was committed in such a fashion. Accordingly, there is no basis upon which to hold that Missouri third-degree assault is typically accomplished without violence or aggression. *See Young*, 580 F.3d at 378 n.2 ("[W]e concern ourselves only with how an offense is ordinarily or generally committed, based upon the statute.").

---

[6]The government also asserts that third-degree assault is a violent felony because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). However, because Johnson's conviction is a violent felony under the residual clause, we need not address whether it has the "use of force" as an element.

Johnson next asserts that third-degree assault is not similar in kind to the enumerated offenses because it is not a crime against property, relying upon the following quote from *Begay*: "Congress sought to expand th[e] definition [of violent felony] to include both crimes against the person (clause (i)) and certain physically risky crimes against property (clause (ii))." 553 U.S. at 143-44. *Begay*, however, does not expressly require that violent felonies under the residual clause involve property, and this court has several times applied the residual clause to crimes unrelated to property. *See e.g.*, *Benton*, 639 F.3d at 732 (holding solicitation to commit aggravated assault to qualify as a violent felony under the residual clause); *Young*, 580 F.3d at 381 (holding fleeing and eluding to be a violent felony under the residual clause). Moreover, Johnson cites to no authority holding that violent felonies under the residual clause must involve property. Quite to the contrary, several circuit courts have rejected this very argument. *See Johnson*, 587 F.3d at 211 n.9 ("[The defendant] argues that Pennsylvania simple assault is not similar in kind to the enumerated crimes because it is not a crime against property. That argument is singularly unconvincing."); *United States v. Almenas*, 553 F.3d 27, 35 (1st Cir. 2009) ("An offense will be similar in kind to the enumerated offenses if it typically involves[s] purposeful, violent, and aggressive conduct *regardless* of whether property is involved.") (internal quotation marks and citation omitted); *United States v. West*, 550 F.3d 952, 967 (10th Cir. 2008) (overruled on other grounds).

Finally, Johnson asserts that because his third-degree assault conviction was for the mere *attempt* to cause physical injury, it cannot be considered a violent felony. We disagree. "[N]othing in the plain language of [the residual] clause, when read together with the rest of the statute, prohibits attempt offenses from qualifying as ACCA predicates when they involve conduct that presents a serious potential risk of physical injury to another." *James*, 550 U.S. at 198. While the attempt to cause physical harm may not result in actual physical injury to the victim, the actions constituting an attempt "create a heightened and serious potential risk of the occurrence of physical injury." *Benton*, 639 F.3d at 732; *see also United States v. Kaplansky*, 42 F.3d 320, 324 (6th Cir. 1994) ("[M]erely because defendant did not complete the kidnapping does not diminish the potential risk of injury to the victim."). Indeed, in order to convict Johnson of third-

degree assault, the jury was required to find that he took a "substantial step toward causing" physical injury to another. *See United States v. Zabawa*, 134 F. App'x 60, 66 (6th Cir. 2005) ("Where the crime itself is a 'violent felony' under the ACCA, an attempt to commit that crime will also qualify as a 'violent felony' under the [residual] clause if the state's attempt statute requires a 'substantial step' toward completion of the offense."); *United States v. Lane*, 909 F.2d 895, 903 (6th Cir.1990) ("The fact that [the defendant's] prior conviction was for attempted burglary rather than burglary does not preclude sentence enhancement under the [residual] clause . . . [when the] attempt . . . requires the *mens rea* of purpose or knowledge and conduct toward the commission of that crime."). Moreover, at least one panel of this court has held attempted assault to present a serious potential risk of physical injury under the residual clause. *United States v. Calloway*, 189 F. App'x 486, 491 (6th Cir. 2006) ("There is no question that causing or attempting to cause physical harm presents a serious risk of physical injury to another[.]").[7]

### III.

In sum, because Johnson's prior conviction for third-degree assault involved conduct presenting "a serious potential risk of physical injury to another," it constitutes a violent felony under the ACCA. Accordingly, we VACATE Johnson's sentence and REMAND for resentencing in accordance with this opinion.

---

[7]*See also United States v. Walker*, 442 F.3d 787, 789 (2d Cir. 2006) (holding attempted second-degree assault to be a violent felony).