NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0681n.06

**No. 12-6184**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 23, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DERRICK JOHNSON, aka Derik Johnson, aka | ) | COURT FOR THE WESTERN |
| Jalidawud Abdullah, aka Mutee Abdullah | ) | DISTRICT OF TENNESSEE |
| Jalidawud, aka Jalidawud Mutee Abdullah, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GILMAN, GRIFFIN, and STRANCH, Circuit Judges.

**JANE B. STRANCH**, Circuit Judge. Defendant Derrick Johnson was convicted of being a felon in possession of a firearm. The government argued that Johnson should be sentenced as an armed career criminal based on three previous convictions: (1) a conviction under Tennessee law for robbery with a deadly weapon; (2) a conviction under Missouri law for third-degree assault; and (3) a conviction under Tennessee law for aggravated assault. This case is before us for the second time. On the first appeal, the case was reversed and remanded for resentencing. On remand, Johnson argued that his conviction under Tennessee law for robbery with a deadly weapon did not necessarily qualify as a violent felony and that the government failed to meet its burden in establishing that it did. The district court disagreed and sentenced Johnson as an armed career criminal to 180 months in prison. For the following reasons, we **AFFIRM** the judgment of the district court.

## BACKGROUND

In December 2009, Derrick Johnson was convicted of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1) (prohibiting a person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm). The government argued that Johnson should be sentenced as an armed career criminal under 18 U.S.C. § 924(e)(1), which provides that a person who violates § 922(g) and has "three previous convictions by any court . . . for a violent felony . . . shall be . . . imprisoned not less than fifteen years." The government contended that the following convictions qualified Johnson as an armed career criminal: (1) a conviction under Tennessee law for robbery with a deadly weapon; (2) a conviction under Missouri law for third-degree assault; and (3) a conviction under Tennessee law for aggravated assault. The district court concluded that the conviction under Missouri's third-degree assault statute did not qualify as a violent felony and imposed a prison sentence of 120, as opposed to 180, months. *See United States v. Johnson*, 675 F.3d 1013, 1016 (6th Cir. 2012). The government and Johnson appealed. This court remanded for resentencing, holding that the conviction for third-degree assault was a violent felony because it "involved conduct presenting a serious potential risk of physical injury to another." *Id.* at 1021 (internal quotation marks omitted).[1]

On remand, Johnson argued that his conviction under Tennessee law for robbery with a deadly weapon did not necessarily qualify as a violent felony and that the government failed to meet

---

[1]The panel also observed, without analysis, that "[i]t is undisputed that Johnson's prior convictions for robbery with a deadly weapon and aggravated assault constitute 'violent felonies' as defined by 18 U.S.C. § 924(e)(2)(B)." *Id.* at 1016 n.2.

its burden in establishing that it did.[2]  The district court disagreed and determined that a conviction for robbery with a deadly weapon was categorically a violent felony.  Johnson was subsequently sentenced to 180 months in prison.  This appeal followed.

## DISCUSSION

### I.    Standard of Review

We review de novo the district court's determination that a defendant should be sentenced as an armed career criminal.  *United States v. Nance*, 481 F.3d 882, 887 (6th Cir. 2007).

### II.    Analysis

The only question in this appeal is whether a conviction under Tennessee law for robbery with a deadly weapon qualifies as a "violent felony" for purposes of enhanced sentencing under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA).  The statute defines "violent felony" as a crime "punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another," generally referred to as the use-of-force clause.  18 U.S.C. § 924(e)(2)(B)(i).  The Supreme Court has further construed "physical force" to mean "*violent* force—that is, force capable of causing physical pain or injury to another person."  *Johnson v. United States*, 559 U.S. 133, 140 (2010).  A crime punishable for more than one year in prison may also qualify as a violent felony if it "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  This provision is referred to as the residual clause.

---

[2]Johnson also argued that his conviction for aggravated assault was not necessarily a violent felony.  He abandoned this argument, however, and does not pursue it on appeal.

In determining whether an offense is a violent felony for purposes of § 924(e), "courts must generally follow 'a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.'" *United States v. Sawyers*, 409 F.3d 732, 736 (6th Cir. 2005) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). Courts use "a variant of this method—labeled (not very inventively) the 'modified categorical approach'—when a prior conviction is for violating a so-called 'divisible statute,'" which "sets out one or more elements of the offense in the alternative." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). If, in other words, "a defendant can violate the state law in a manner that amounts to a [violent felony] and in a manner that does not, the court can consider the indictment, the plea agreement, the plea colloquy or comparable judicial record[s] to determine whether the individual's actual conduct" qualifies the conviction under the statute. *United States v. Blomquist*, 356 F. App'x 822, 828 (6th Cir. 2009) (internal quotation marks omitted).

We begin with the categorical approach. The statute under which Johnson was convicted provides as follows:

> Robbery is the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear. Every person convicted of the crime of robbery shall be imprisoned in the penitentiary not less than five (5) nor more than fifteen (15) years; provided, that if the robbery be accomplished by the use of a deadly weapon the punishment shall be death by electrocution, or the jury may commute the punishment to imprisonment for life or for any period of time not less than ten (10) years.

Tenn. Code Ann. § 39-2-501(a) (Michie, Westlaw 1988). Johnson contends that because this crime may be accomplished through violence *or* putting a person in fear, it cannot categorically qualify as a violent felony. We independently observe that this statute, within one paragraph, includes both (1) robbery and (2) robbery with a deadly weapon. The two main cases relied on by the parties—*United*

-4-

*States v. Gloss*, 661 F.3d 317 (6th Cir. 2011), and *United States v. Fraker*, 458 F. App'x 461 (6th Cir. 2012)—construe the current equivalents of the statute Johnson was convicted under—aggravated robbery and robbery, respectively.[3] We begin our analysis by examining these decisions.

In *Gloss*, which the government relies on, the court dealt with aggravated robbery under Tennessee's current scheme of criminal statutes, which defines the offense as "the intentional or knowing theft of property[4] from the person of another by violence or putting the person in fear," Tenn. Code Ann. § 39-13-401(a), "[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon" or "[w]here the victim suffers serious bodily injury." *Id.* § 39-13-402(a)(1)–(2). In *Gloss*, this court concluded that the defendant's conviction for *facilitation* of aggravated robbery categorically qualified as a violent felony under the use-of-force clause. Under Tennessee law, a conviction for facilitation requires the state to prove that the underlying offense facilitated by the defendant—in *Gloss*, aggravated robbery—was actually accomplished. *Gloss*, 661 F.3d at 319. The panel concluded that

> [a]ny robbery accomplished with a real or disguised deadly weapon, or that causes serious bodily injury, falls under the first clause of the definition of violent felony, as it necessarily involves "the use, attempted use, or threatened use of physical force against the person of another." It makes no difference that the defendant was not the person who committed the aggravated robbery. All that matters is that *someone* did so, and that the defendant knowingly provided substantial assistance to that person.

---

[3]Tennessee Code Annotated section 39-2-501(a), the statute at issue here, was replaced when the Tennessee General Assembly enacted the Revised Criminal Code, which overhauled the state's criminal laws. *See* 1989 Tenn. Pub. Acts, ch. 591, sec. 1. The current code, which *Gloss* and *Fraker* address, provides for robbery, Tenn. Code Ann. § 39-13-401, aggravated robbery, *id.* § 39-13-402, and especially aggravated robbery, *id.* § 39-13-403.

[4]"A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103(a).

*Id.* (citation omitted).[5]

In *Fraker*, which Johnson argues is controlling, the court considered whether a conviction under Tennessee's robbery statute, Tennessee Code Annotated section 39-13-401(a)—"the intentional or knowing theft of property from the person of another by violence or putting the person in fear"—was a violent felony. *Fraker*, 458 F. App'x at 463. The court concluded that robbery was not categorically a violent felony "because a defendant can violate the statute by employing only fear, rather than physical violence or force." *Id.* However, the court applied the modified categorical approach and determined that the robbery committed by Fraker "involved an element of violence" and therefore counted for ACCA purposes. *Id.* at 464.

We recognize that the older statute we construe here is different in some respects from the statutes addressed in *Gloss* and *Fraker*. However, the statute here contains the key language that rendered the robbery statute divisible in *Fraker*; i.e., that the offense can be committed "by violence or putting the person in fear." Moreover, this older version of the statute contains robbery *and* robbery with a deadly weapon—under the revised Tennessee criminal code, the functional equivalents of robbery (as construed in *Fraker*) and aggravated robbery (as construed in *Gloss*)—within a single provision. Because the robbery portion within Johnson's statute of conviction can be violated by employing only fear and not violence, we follow the reasoning of *Fraker* and decline to hold that a conviction under Tennessee Code Annotated section 39-2-501 is categorically a violent felony.

---

[5]The panel also noted that this decision "square[d] with precedent," *id.*, namely *Nance*, 481 F.3d at 888, where this court also concluded that facilitation of aggravated robbery was categorically a violent felony.

However, as in *Fraker*, application of the modified categorical approach resolves the matter in the government's favor because the relevant *Shepard* documents show that Johnson's robbery conviction at issue was committed with a deadly weapon. Johnson's indictment charged him with robbery with a deadly weapon and further provided that he "unlawfully, feloniously, violently and forcibly by Use of a Deadly Weapon to wit, a pistol," took money from the victim. Moreover, Johnson pled to robbery with a deadly weapon as charged. The fact that Johnson entered an *Alford*[6] plea does not change this analysis because "[c]onvictions based on *Alford*-type pleas can be predicate convictions under the ACCA if the qualifying crime is inherent in the fact of the prior conviction—i.e., . . . the *Shepard* documents demonstrate with certainty that the defendant pleaded guilty to a narrowed charge that would qualify as a 'violent felony.'" *United States v. McMurray*, 653 F.3d 367, 381 (6th Cir. 2011). It is clear that Johnson pled to the "narrowed charge" of robbery with a deadly weapon, rendering the conviction akin to one for aggravated robbery. Under the *Gloss* rationale this constitutes a violent felony for ACCA purposes.

Johnson contends, however, that *Gloss* is not controlling for two reasons. First, he argues that the violence versus fear distinction was not squarely before the *Gloss* panel and remained unresolved until the decision in *Fraker*. Second, he contends that under the rationale of *United States v. Rede-Mendez*, 680 F.3d 552 (6th Cir. 2012), the "aggravated" nature of the robbery—that it was accomplished with a deadly weapon—does not matter. *See id.* at 558 (observing that "[n]ot

---

[6]*See North Carolina v. Alford*, 400 U.S. 25 (1970) (holding that a defendant may voluntarily, knowingly, and understandingly enter a guilty plea, even if he does not admit participation in the crime or if he maintains his innocence, where there is evidence in the record of guilt).

every crime becomes a crime of violence when committed with a deadly weapon" and that "not all crimes involving a deadly weapon have the threatened use of physical force as an element").[7]

These arguments are unpersuasive for several reasons. First, in order to find that a conviction for facilitation of aggravated robbery qualified as a violent felony under the use-of-force clause, the *Gloss* panel had to conclude that aggravated robbery committed *either* through violence *or* fear accomplished with a real or disguised deadly weapon contained as an element "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The basis of the decision is that the commission of the offense in either manner accomplished through use of a deadly weapon satisfies the use-of-force criteria.

Second, *Fraker* does not compel a different result. *Fraker* simply held that robbery—which does not include as an element the use of a deadly weapon or an item that could lead the victim to believe it was a deadly weapon—was not a violent felony under the categorical approach, meaning that the government was required to present *Shepard* documents in order to establish that the robbery was committed in a violent manner. Thus, we may look to such documents in this case to determine whether Johnson's crime of conviction was an aggravated form of robbery; that is, robbery with a deadly weapon.

---

[7]*Rede-Mendez* dealt with § 2L1.2 of the sentencing guidelines, which provides for a 16-level enhancement if a defendant is found guilty of unlawfully entering or remaining in the United States after being "previously . . . deported . . . after a conviction for a felony that is . . . a crime of violence." *Id.* at 554-55 (internal quotation marks omitted). However, based on the identical language in 18 U.S.C. § 924(e)(2)(B) and USSG § 2L1.2 (used to define "violent felony" and "crime of violence," respectively), the court has considered "authority interpreting one phrase [to be] generally persuasive when interpreting the other." *Id.* at 555 n.2 (quoting *United States v. Vanhook*, 640 F.3d 706, 712 n.4 (6th Cir. 2011)) (internal quotation marks omitted).

Third, although the statement in *Rede-Mendez*—that a crime does not necessarily become a crime of violence or a violent felony because a deadly weapon is used, 680 F.3d at 558—may be true in certain circumstances, it does not control the result for Johnson. We are bound by *Gloss*'s holding that the underlying crime of robbery accomplished with the use of a deadly weapon contains a sufficient threat of physical force to render it a violent felony under the ACCA.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.