MERRITT, Circuit Judge,
dissenting.
I do not agree with the majority’s holding that Michigan’s unarmed robbery statute amounts to a “violent felony” under the Armed Career Criminal Act. In my view, the Michigan Supreme Court has neither expressly nor impliedly held that the statute’s “putting in fear” element is limited to “fear of bodily injury from physical force offered or impending.” Accordingly, I would vacate the defendant’s sentence and remand the case for resentencing without application of the fifteen year mandatory minimum provided for under 18 U.S.C. § 924(e).
The Armed Career Criminal Act begins with the statute criminalizing the possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), which provides: “It shall be unlawful for any person — (1) who has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm or ammunition .If the felon has three or more earlier convictions of a “violent felony,” the “Armed” Act increases his prison term to a minimum of fifteen years. § 924(e)(1). The Act defines “violent felony” as follows:
[A]ny crime punishable by imprisonment for a term exceeding one year ... that—
(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]
§ 924(e)(2)(B) (emphasis added).
The closing words of this definition, italicized above, are known as the “residual clause” of the Armed Career Criminal Act. In June of 2015, the Supreme Court declared the residual clause unconstitutional as void for vagueness. Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 2563, *847 192 L.Ed.2d 569 (2015). Accordingly, the fifteen-year mandatory minimum is only applicable where a crime “has as an element the use, attempted use, or threatened use of physical force against the person of another,” 18 U.S.C. § 924(e)(2)(B), or is one of the four specific offenses enumerated in § 924(e)(2)(A).
In the instant case, both sides agree that Matthews has two felony convictions (armed robbery and carjacking) that meet the definition of “violent felony,” but they disagree that the third felony — “unarmed robbery” under Michigan Penal Code § 750.530(1) — meets the definition of “violent felony.” At the time of Matthews’s-conviction, that Michigan statute read as follows:
Any person who shall, by force and violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another, or in his presence, any money or other property which may be the subject of larceny, such robber not being armed with a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 15 years.
Mich. Comp. Laws § 750.530 (P.A. 1931, No. 328 § 530) (subsequently amended by P.A. 2004, No. 128) (effective July 1, 2004). Thus, the Michigan statute says that it may be violated by an unarmed person who uses violence or threats of violence, but. the statute also allows a conviction for putting a person “in fear.”
■ The parties agree that the record before the district court and this Court does not disclose how the “unarmed” robbery in question was committed. Specifically, the record does not indicate whether Matthews threatened violence or simply put the victim in “fear” of some type of nonphysical injury, such as loss of peace of mind or reputation or some benefit not associated with bodily integrity — for example, a job, an inheritance, the affection of a spouse or friend, or a position of honor. People have many types of “fear” besides fear of violence or physical injury. Thus, the phrase “or puts the person in fear” in the Michigan statute is ambiguous.
This Court has previously held that “putting in fear” is only equivalent to the “use” or “threatened use” of physical force under § 924(e)(2)(B) when the state supreme court interprets “fear” to include only “fear of bodily injury from physical force offered or impending.” See United States v. Mitchell, 743 F.3d 1054, 1059 (6th Cir. 2014); see also United States v. Fraker, 458 Fed.Appx. 461, 463 (6th Cir. 2012) (holding the plain text of Tennessee’s robbery statute fell outside of the Armed Career Criminal Act’s definition of “violent felony” because “a- defendant can violate the [plain text of the] statute by employing only fear, rather than physical violence or force”). Contrary to the majority’s holding, the Michigan Supreme Court has never clearly limited “putting in fear” to cases involving conduct intended to put the victim in fear of immediate physical injury, as required by the Act. See Michigan v. Gardner, 402 Mich. 460, 265 N.W.2d 1, 5 (1978) (“Attempted robbery unarmed may therefore be committed simply by putting someone in fear while assault with intent to rob unarmed requires an assault with force and violence.”); Michigan v. Kruper, 340 Mich. 114, 64 N.W.2d 629, 632 (1954) (“The threat to do ‘injury to the person or property,’ ... when accompanied by force, actual or constructive, and property or money is given up in consequence of that force ... can constitute robbery.” (emphasis added)).
The majority incorrectly reasons that the Michigan Supreme Court’s reliance on the common law definition of robbery in interpreting the unarmed robbery statute means that “putting in fear” must be inter *848 preted as “putting in fear of bodily injury.” It is certainly true that the Michigan Supreme Court has observed that the unarmed robbery statute was essentially a codification of the common law offense of robbery. Michigan v. Randolph, 466 Mich. 582, 648 N.W.2d 164, 167 (2002). However, the majority is wrong to conclude that, based on that fact, “putting in fear” must be limited to cases involving fear of physical injury. At common law, a victim was held to have been “put in fear” when the defendant made certain threats against his property or his character. 2 William Old-nail Russell, A Treatise on Crimes and Indictable Misdemeanors 71 (1828). Indeed, English common law courts held that threats to injure a victim’s property alone — as distinct from his person — were sufficient to put the victim “in fear,” transforming simple larceny into a robbery. Id. at 72-75 (collecting cases). Those courts also held that a threat against a victim’s character by means of an accusation of sodomy was sufficient to put the victim “in fear.” Id. at 76-88 (citing Jones’s Case (1776) 2 East. P.C. 714; Hickman’s Case (1783) 2 East. P.C. 728; Donally’s Case (1779) 2 East. P.C. 715-28). In Hickman’s Case, specifically, Lord Ashhurst held that “whether the terror arises from real or expected violence to the person, or from a sense of injury to the character, the law makes no kind of difference; for to most men the idea of losing their fame and reputation is equally if not more terrific than the dread of personal injury.” Id. at 81 (quoting Hickman’s Case, 2 East. P.C. 728). Even discounting the character-based holdings as inconsistent with our more modern notions of morality, the authorities make clear that there was no per se requirement at common law that a robbery be accomplished by means of employing or threatening physical force against the victim’s person.
Where, as here, an undefined phrase in a criminal statute had a settled meaning at common law, the Michigan Supreme Court “assume[s] that the Legislature adopted that meaning unless a contrary intent is plainly shown.” Michigan v. March, 499 Mich. 389, 886 N.W.2d 396, 402 (2016) (internal quotations omitted). “Putting in fear” had a settled meaning at common law that did not require a threat of injury to the person, and Michigan’s legislature has not expressed any intent to deviate from that meaning. Accordingly, the Michigan Supreme Court’s decision in Randolph stands for exactly the opposite of the majority’s conclusion: the unarmed robbery statute can be violated without “the use, attempted use, or threatened use of physical force against the person of another” and, as a result, it is not a “violent felony” under the Armed Career Criminal Act. 18 U.S.C. § 924(e)(2)(B).
The title of the statute is the “Armed Career Criminal Act.” “Unarmed” robbery that includes simply “putting in fear” when people have many different kinds of “fear” is insufficient to constitute one of the types of wrongs that the Armed Career Criminal Act defines as the “use” or “threatened use of physical force.” 18 U.S.C. § 924(e)(2)(B). Even if the statute were ambiguous after applying the relevant principles of statutory interpretation— which it is not — I would apply the rule of lenity and interpret the ambiguity in favor of the criminal defendant. See United States v. Ford, 560 F.3d 420, 425 (6th Cir. 2009). The defendant’s actual crime here is walking down the street with a pistol in his pocket. It would be better for the sentencing judge to have the leeway to impose a lighter sentence if the judge is so disposed rather than to have to impose a long, “mandatory” sentence. The old system pri- or to the advent of mandatory, long sentences worked better and allowed the judge to take the possibility of rehabilita *849 tion into account and allowed for a less harsh, more humane system of punishment.
Because I would hold that the Michigan unarmed robbery statute is not a “violent felony” under the Armed Career Criminal Act and that the defendant is entitled to resentencing, I respectfully dissent.