NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0416n.06

**No. 17-5753**

| | | |
|---|---|---|
| **UNITED STATES COURTS OF APPEALS**<br>**FOR THE SIXTH CIRCUIT** | | **FILED**<br>Aug 12, 2019<br>DEBORAH S. HUNT, Clerk |

| | | |
|---|---|---|
| DERRICK JOHNSON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | OPINION |
| | ) | |

BEFORE:     MERRITT, DAUGHTREY, and STRANCH, Circuit Judges.

**PER CURIAM.** Derrick Johnson was found guilty by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Because he had previously been convicted of three violent felonies, he was subject to a mandatory minimum sentence of 15 years under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). He now appeals the district court's denial of his habeas petition challenging this sentence. He argues that the ACCA does not apply to him because one of his three predicate convictions—a Missouri conviction for third-degree assault—no longer qualifies as a "violent felony" in light of the Supreme Court's decision in *Samuel Johnson v. United States*, which struck down the ACCA's residual clause as void for vagueness. 135 S. Ct. 2551, 2560–63 (2015). We agree. Because Missouri third-degree assault can be committed by attempting to cause a minor illness, it is not categorically a violent felony. We therefore **REVERSE** the denial of Johnson's § 2255 petition and **REMAND** for resentencing.

## I. BACKGROUND

This is the third time that this court has considered Derrick Johnson's case. At the time of Johnson's initial sentencing, the district court found that his conviction for third-degree assault under Missouri law, Mo. Rev. Stat. § 565.070 (2000), was not a "violent felony" for the purposes of the ACCA. As Johnson had only two other prior convictions that qualified as violent felonies under the ACCA, the court sentenced Johnson to ten years in prison—the maximum allowable sentence for being a felon in possession of a firearm absent an ACCA enhancement. *See* 18 U.S.C. § 924(a)(2). Both Johnson and the Government appealed, but we found only the Government's appeal meritorious. We first held that the Missouri third-degree assault statute was divisible and that, applying the modified categorical approach, Johnson had been convicted of "the intentional attempt to cause physical injury to another." *United States v. Derrick Johnson*, 675 F.3d 1013, 1017–18 (6th Cir. 2012). Next, we held that Johnson's Missouri conviction was a violent felony under the ACCA's residual clause, *id.* at 1018–19, which applied to crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). We left open, however, the question of whether third-degree assault was a violent felony under the ACCA's force clause, *i.e.*, whether it "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Derrick Johnson*, 675 F.3d at 1019 n.6 (quoting 18 U.S.C. § 924(e)(2)(B)(i)).

On remand, the district court sentenced Johnson to 15 years' imprisonment, the minimum sentence allowed under the ACCA. *United States v. Derrick Johnson*, 530 F. App'x 528, 530 (6th Cir. 2013); *see also* 18 U.S.C. § 924(e)(1). On appeal from this resentencing, Johnson argued that "his conviction under Tennessee law for robbery with a deadly weapon did not necessarily qualify as a violent felony" under the ACCA. *Derrick Johnson*, 530 F. App'x at 530. We rejected this argument, holding that this conviction qualified as a violent felony under the ACCA's force clause

and, therefore, Johnson was properly sentenced under the ACCA. *Id.* at 531–533. Johnson next filed a habeas petition under 28 U.S.C. § 2255, which was denied and is not at issue here.

In February 2016, Johnson filed a motion for an order authorizing the district court to consider a second or successive § 2255 petition, relying on the Supreme Court's decision in *Samuel Johnson*.[1] We granted Johnson's motion. *In re Johnson*, No. 16-5117 (6th Cir. Aug. 1, 2016) (order). Johnson then filed a counseled § 2255 motion arguing that, because the ACCA's residual clause had been invalidated, his Missouri third-degree assault conviction no longer constituted a violent felony under the ACCA and his sentence must be vacated. The Government responded that this conviction qualified as a violent felony under the ACCA's force clause. The district court agreed and denied Johnson a certificate of appealability. We nonetheless granted Johnson, now proceeding pro se, a certificate of appealability because "reasonable jurists could debate the district court's conclusion that Johnson's conviction for the intentional 'attempt to cause [physical pain, illness, or any impairment of physical condition] to another' qualified as a violent felony under the ACCA's use-of-force clause." *Derrick Johnson v. United States*, No. 17-5753, at \*3–4 (6th Cir. Nov. 13, 2017) (order) (alterations in original). This appeal followed.

## II. ANALYSIS

"In reviewing a district court's denial of a motion under Section 2255, we . . . review its conclusions of law *de novo*. This court reviews *de novo* a district court's determination regarding whether a prior conviction constitutes a 'violent felony' under the ACCA." *Cradler v. United States*, 891 F.3d 659, 664 (6th Cir. 2018) (quoting *Braden v. United States*, 817 F.3d 926, 929–30 (6th Cir. 2016)). Documents "filed *pro se* [are] 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

---

[1] The Court has held that *Samuel Johnson* "announced a substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

**A.      The categorical approach**

To determine whether a prior conviction counts as a violent felony under the ACCA, we "use the 'categorical approach.'" *United States v. Covington*, 738 F.3d 759, 762 (6th Cir. 2014). This involves looking not at the particular facts underlying the conviction, but rather at "the *elements* of a defendant's prior conviction[]." *Id.* (citing *Descamps v. United States*, 570 U.S. 254, 260 (2013)).   Once we determine the elements of conviction, we must examine whether this offense necessarily describes a "violent felony." *See id.* at 763.  Since *Samuel Johnson* invalidated the residual clause, a crime punishable by more than a year of imprisonment is considered a violent felony if (1) the offense "has as an element 'the use, attempted use, or threatened use of physical force against the person of another,'" *id.* (quoting 18 U.S.C. § 924(e)(2)(B)(i)); or (2) it is equivalent to the "generic definition of one of the offenses enumerated in . . . [18 U.S.C. §] 924(e)(2)(B)(ii)—burglary, arson, extortion, or a crime involving the use of explosives," *id.* at 764.

Whether a prior conviction qualifies as a violent felony under either prong requires review of the minimum conduct necessary for conviction.  "Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense."  *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (alterations in original) (quoting *Curtis Johnson v. United States*, 559 U.S. 133, 137 (2010)).  In determining the minimum conduct criminalized by state law, this court is bound by state courts' interpretation of the elements of the offense.  *Curtis Johnson*, 559 U.S. at 138.

In certain cases, when a statute is "divisible" into multiple crimes with alternative elements, courts use a "modified categorical approach" to determine the elements of conviction.  *Covington*, 738 F.3d at 762–63.  But we "use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction."  *Descamps*, 570 U.S.

at 278. We do not use it "to substitute . . . a facts-based inquiry for [the] elements-based one" required by the categorical approach. *Id.* "[T]he modified approach serves—and serves solely—as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque." *Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016).

Under either the categorical approach or the modified categorical approach, then, the first task is determining the elements of conviction.

**B.     Johnson's conviction**

We have already determined the elements entailed in Johnson's conviction of Missouri third-degree assault. Although Johnson argued below that this conviction was under a subsection of the statute that allows for conviction with the mere *mens rea* of recklessness, he does not raise this argument on appeal. And, although the law-of-the-case doctrine does not necessarily preclude us from revisiting our own prior decisions, *see Miller v. Maddox*, 866 F.3d 386, 389–90 (6th Cir. 2017), we see no reason to depart from our prior determinations in this case. We find once again that the Missouri third-degree assault statute is divisible and that Johnson was convicted of "the intentional attempt to cause physical injury to another." *Derrick Johnson*, 675 F.3d at 1017–18. This offense would typically be classified as a misdemeanor but was classified as a felony in Johnson's case because he had twice previously been convicted of the crime of assault in the third degree against a family or household member. *See* Mo. Rev. Stat. Ann. § 565.070 (2000).

Because Johnson's offense of conviction was not burglary, arson, extortion, or a crime involving the use of explosives, the issue before us is whether "the intentional attempt to cause physical injury to another" necessarily "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has instructed that, in this context, "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person. . . . [T]he word 'violent' in

§ 924(e)(2)(B) connotes a substantial degree of force." *Curtis Johnson*, 559 U.S. at 140 (citations omitted) (distinguishing the "violent force" required by the ACCA from the lesser degree of force required by the common-law definition of "physical force"). Such force must be "furious; severe; vehement." *Id.* (quoting Webster's Dictionary). Convictions under statutes that criminalize any "unwanted physical touching"—such as a tap on the shoulder without consent—are therefore not violent felonies within the meaning of the ACCA. *Id.* at 138–140, 145. This is because the ACCA's use-of-force clause requires more than the degree of force required by common-law battery. *Id.* at 141. The Supreme Court recently reaffirmed this conclusion in holding that robbery offenses involving overcoming a victim's resistance are violent felonies under the ACCA, stating once again that offenses requiring only offensive touching like misdemeanor battery do not necessitate the use of violent force. *Stokeling v. United States*, 139 S. Ct. 544, 552–53 (2019).

### C.  Physical injury under Missouri law

At the time of Johnson's 2000 conviction, "physical injury" was defined by Missouri law as "mean[ing] physical pain, illness, or any impairment of physical condition." Mo. Rev. Stat. § 556.061(20) (2000). Missouri courts have consistently held that this requirement can be met by a relatively minimal showing. For example, in *State v. Wells*, the Missouri Court of Appeals held that the element of physical injury was satisfied in a third-degree assault case where a woman first stated "that she was not hurt when she was pushed to the floor," but later answered "'Yeah'" when "she was asked if it hurt when she hit the floor." 754 S.W.2d 590, 592 (Mo. Ct. App. 1988). The Missouri Court of Appeals also found that it was sufficient to prove physical injury "when the victim summarized her injuries as '[j]ust a few aches and pains.'" *State v. Cole*, 148 S.W.3d 896, 901 (Mo. Ct. App. 2004) (quoting *State v. Barnes*, 980 S.W.2d 314, 319 (Mo. Ct. App. 1998)).

Johnson argues that Missouri third-degree assault does not necessarily require the use of violent force because it can be committed by causing—or attempting to cause—illness.

Construing his argument liberally, because Johnson was convicted of "the intentional attempt to cause physical injury to another" and "physical injury" includes illness, the plain language of the statute permits the prosecution of someone who intentionally does not cover his mouth when sneezing and thereby attempts to give someone sitting next to him a cold. Indeed, Missouri courts have suggested that spitting at someone can constitute an attempt to cause physical injury—or even an attempt to cause serious physical injury or death—if the person spitting intends to transmit a communicable disease. *See State v. Mack*, 12 S.W.3d 349, 354 n.5 (Mo. Ct. App. 2000).

Sneezing at someone with the intent to transmit a minor illness does not rise to the level of violent force required by *Curtis Johnson*. Sneezing on someone—like spitting at them—is the type of offensive contact that would constitute battery at the common law. *See, e.g.*, *United States v. Lehi*, 446 F. App'x 96, 100 (10th Cir. 2011) ("Spitting is an offensive touching amounting to a common law battery . . . ."); *United States v. Stoddard*, 407 F. App'x 231, 233 (9th Cir. 2011) (same); *United States v. Evans*, 576 F.3d 766, 768 (7th Cir. 2009) ("Spitting on a person is the usual example given of a provoking act that amounts to battery."). But it does not involve the use of furious, severe, or vehement force. *See Curtis Johnson*, 559 U.S. at 140. And the intent to transmit a cold does not elevate this to an offense involving the use of *violent* force. Certainly, an act of spitting or sneezing intended to transmit a serious disease, much like poisoning, would rise to the level of violent force required by the ACCA. *See United States v. Verwiebe*, 874 F.3d 258, 261 (6th Cir. 2017) (noting that the use of poison "to cause *serious* bodily harm" involves the use of violent force (emphasis added)). Yet Missouri third-degree assault, which is typically classified as a misdemeanor and not a felony, requires only the attempt to cause "physical pain, illness, or *any* impairment of physical condition." Mo. Rev. Stat. § 556.061(20) (2000) (emphasis added).

In sum, because "we must presume that [Johnson's] conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized," *Moncrieffe*, 569 U.S. at 190–91, his conviction for Missouri third-degree assault is not a conviction for a violent felony. Sneezing (or spitting) on someone with the intent to transmit a minor illness does not involve the use of violent force.[2]

The Government relies on this court's decision in *United States v. Evans*, 699 F.3d 858 (6th Cir. 2012), to argue that Missouri third-degree assault requires the use of violent force. *Evans*, which was recently overruled in part on other grounds by the en banc court in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), dealt with a similarly-phrased Ohio assault statute. The *Evans* court concluded that a statute, like the Missouri third-degree assault at issue here, "that requires a showing that the defendant knowingly caused or attempted to cause a physical injury necessarily has as an element the knowing use or attempted use of physical force against another." 699 F.3d at 864. And Ohio's definition of physical harm, like Missouri's definition of physical injury, includes illness. *See* Ohio Rev. Code Ann. § 2901.01(A)(3) (2000) (defining "physical harm" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration").

Nonetheless, *Evans*'s holding does not bind us here because the parties never raised and the court never addressed the question of whether the Ohio assault statute was overbroad because it could be violated by merely causing or attempting to cause illness. Indeed, the defendant's only argument that the Ohio statute did not require the use of violent force was that it could be violated by scratching someone on the neck. *See Evans*, 699 F.3d at 864–65. It is well-established that

---

[2] Though Johnson does not point to a prosecution involving this precise fact pattern, no such citation is necessary when the plain language of a statute permits prosecution for such a case. *See United States v. Camp*, 903 F.3d 594, 602 (6th Cir. 2018) ("[W]here the meaning of the statute is 'plain,' the defendant need not provide a case to demonstrate a realistic probability that the statute is broader than the generic offense."); *see also Swaby v. Yates*, 847 F.3d 62, 66 (1st Cir. 2017); *United States v. Aparicio-Soria*, 740 F.3d 152, 157–58 (4th Cir. 2014) (en banc).

"[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Webster v. Fall*, 266 U.S. 507, 511 (1925); *accord, e.g.*, *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006).

The Government's citation of other cases from this circuit involving similarly-worded assault statutes also offers it no help. None of the cases the Government relies upon dealt with the question of whether a statute was overbroad because it could be violated by causing or attempting to cause a minor illness. Moreover, each of these cases involved a statute that criminalized attempts to cause "great bodily harm," "serious physical injury," or causing physical injury "by means of a deadly weapon or a dangerous instrument," not mere attempts to cause physical injury. *See Verwiebe*, 874 F.3d at 261 ("Section 113(a)(3) . . . involves violent force because it proscribes common law assault with a dangerous weapon, not simple common law assault."); *Raybon v. United States*, 867 F.3d 625, 631–32 (6th Cir. 2017) ("assault with intent to do great bodily harm"); *United States v. Collins*, 799 F.3d 554, 597 (6th Cir. 2015) ("serious physical injury" or "intentionally caus[ing] physical injury to another person by means of a deadly weapon or a dangerous instrument"); *United States v. Anderson*, 695 F.3d 390, 400–01 (6th Cir. 2012) ("proof of 'serious physical harm' or 'physical harm . . . by means of a deadly weapon or dangerous ordnance'"), *overruled by United States v. Burris*, 912 F.3d 386, 396–99 (6th Cir. 2019) (en banc).

Nor did the Eighth Circuit address the question of whether a statute was overbroad because a person could be convicted for attempting to cause illness when it held that a conviction under a similarly-phrased Missouri statute was for a crime of violence. *See United States v. Scott*, 818 F.3d 424, 435 (8th Cir. 2016) (Missouri second-degree domestic assault). We therefore find the cases relied upon by the Government neither binding nor persuasive.

## CONCLUSION

Because Missouri third-degree assault does not require the use of violent force, we **REVERSE** the district court's denial of the § 2255 petition and **REMAND** for resentencing.