RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 11a0291p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

ANTHONY GLOSS,

        *Defendant-Appellant.*

No. 10-5417

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 09-00144-001—Todd J. Campbell, Chief District Judge.

Decided and Filed: November 17, 2011

Before: NORRIS, SUTTON and GRIFFIN, Circuit Judges.

———————————

## COUNSEL

**ON BRIEF:** Patrick G. Frogge, BELL, TENNENT & FROGGE, Nashville, Tennessee, for Appellant. J. Alex Little, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

———————————

## OPINION

———————————

SUTTON, Circuit Judge. Anthony Gloss appeals a 180-month sentence required by the Armed Career Criminal Act. He presents one argument: that the district court should not have sentenced him under the Act because his Tennessee conviction for facilitation of aggravated robbery does not amount to a "violent felony." We disagree and affirm.

1

I.

In August 2009, Gloss pled guilty to one count of being a felon in possession of a firearm.  *See* 18 U.S.C. § 922(g).  The PSR recommended that Gloss be sentenced under the Armed Career Criminal Act on account of two Tennessee convictions for violent felonies and one Tennessee conviction for a serious drug offense.  Gloss conceded he had committed one serious drug offense and one violent felony (aggravated assault), but objected to the conclusion that his conviction for facilitation of aggravated robbery qualified as a violent felony.  Relying on *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007), the district court overruled Gloss's objection.  The court sentenced Gloss to 180 months, the minimum sentence required under the Act.

II.

The mandatory-minimum sentencing requirements of the Act apply to any person who has been convicted of being a felon in possession of a firearm and who has three previous convictions for violent felonies or serious drug offenses.  The Act defines "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that
>
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

The question is whether the challenged Tennessee offense—facilitation of aggravated robbery—falls into one or both of these categories.  The definitions of two Tennessee criminal laws come into play.  Facilitation:  "[a] person is criminally responsible for the facilitation of a felony, if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility . . . , the person knowingly furnishes substantial assistance in the commission of the felony."

Tenn. Code Ann. § 39-11-403.  Aggravated robbery:  a person commits the crime through "the intentional or knowing theft of property from the person of another by violence or by putting the person in fear," where that theft is "[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or . . . [w]here the victim suffers serious bodily injury."  Tenn. Code Ann. §§ 39-13-401, 39-13-402.

To convict an individual of facilitation of aggravated robbery, the State thus must establish that he (1) knowingly provided substantial assistance to another (2) whom he knew intended to steal property from a victim by using a real or disguised weapon or by causing serious bodily injury.  *See State v. Parker*, 932 S.W.2d 945, 950–51 (Tenn. Crim. App. 1996).  Is that a "violent felony" under the Act?

We think so—at least under the first clause of the definition, which is all we need to decide to uphold this sentence.  A conviction for criminal facilitation in Tennessee "requires that [the underlying crime] actually occur."  *United States v. Sawyers*, 409 F.3d 732, 738 (6th Cir. 2005).  And the State cannot prove aggravated robbery—and hence cannot secure a conviction for facilitation of aggravated robbery—unless it establishes beyond a reasonable doubt that the crime was either "accomplished with a deadly weapon" (or an article disguised as a deadly weapon), or resulted in the victim "suffer[ing] serious bodily injury."  Tenn. Code Ann. § 39-13-402; *see also Parker*, 932 S.W.2d at 950–51.  Any robbery accomplished with a real or disguised deadly weapon, or that causes serious bodily injury, falls under the first clause of the definition of violent felony, as it necessarily involves "the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  It makes no difference that the defendant was not the person who committed the aggravated robbery. *See, e.g.*, *United States v. Brown*, 550 F.3d 724, 729 (8th Cir. 2008).  All that matters is that *someone* did so, and that the defendant knowingly provided substantial assistance to that person.

This conclusion squares with precedent.  Most pertinently, we came to the same conclusion in *Nance*, which held that facilitation of aggravated robbery in Tennessee is

a violent felony.  481 F.3d at 888.  Outside the context of this Tennessee facilitation offense, we and other courts have reached analogous results in cases involving other types of joint criminal enterprises.  If a conviction for facilitation or conspiracy requires the government to prove the elements of the underlying violent felony, such a conviction will itself qualify as a violent felony under the first clause of § 924(e)(2)(B).  *See, e.g.*, *United States v. Chandler*, 419 F.3d 484, 487 (6th Cir. 2005) (facilitation of aggravated assault in Tennessee is a violent felony); *United States v. Preston*, 910 F.2d 81, 86 (3d Cir. 1990) (conspiracy to commit robbery in Pennsylvania is a violent felony).  If, by contrast, the government may obtain a conviction by proving only that the defendant agreed to participate in violent crime or solicited it—and not that some person committed or attempted to commit the underlying offense—conspiracy or facilitation tends to be outside the reach of the first clause of § 924(e)(2)(B), and generally will be deemed a violent felony only if it qualifies under the residual clause.  *See, e.g.*, *United States v. Benton*, 639 F.3d 723, 731 (6th Cir. 2011); *United States v. Gore*, 636 F.3d 728, 731–32 (5th Cir. 2011); *United States v. King*, 979 F.2d 801, 803 (10th Cir. 1992).  This case falls cleanly into the first category.

All of this makes Gloss's appellate arguments largely beside the point.  He claims that *Nance* must be reassessed in the aftermath of *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009).  But that is so only if we rely on the residual clause of § 924(e)(2)(B) in this case and only if we construe *Nance* as relying exclusively on the residual clause.  *Begay* and *Chambers* clarified the meaning of the residual clause, which covers crimes that "involve[] conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  The Court held that the residual clause generally reaches only those crimes that, like arson, burglary and extortion, are "purposeful, violent, and aggressive," *Begay*, 553 U.S. at 144–45; it does not reach more passive, strict-liability crimes like driving under the influence or failing to report to prison.  *Id.* at 146; *Chambers*, 555 U.S. at 128; *see also Sykes v. United States*, 564 U.S. ___, 131 S. Ct. 2267, 2275–76 (2011). *Begay* and *Chambers* say nothing about the first clause of § 924(e)(2)(B), and

accordingly have nothing to say about our application of that clause to this sentence and this crime—the facilitation of aggravated robbery under Tennessee law.

We do not read *Nance*, moreover, as relying only on the residual clause in determining that facilitation of aggravated robbery is a violent felony. Although *Nance* never explicitly referred to one clause over the other, the language of the decision implied that it was relying on the first clause. *Nance* noted that we had previously held that "the underlying felony constitutes 'an element' that can be examined by the court because criminal facilitation in Tennessee requires the government to show that the underlying crime actually occurred." *Nance*, 481 F.3d at 888 (quoting *Sawyers*, 409 F.3d at 738). Every element of aggravated robbery, as a result, is also an element of facilitation of aggravated robbery. As shown, there can be little doubt that aggravated robbery involves the use, attempted use, or threatened use of physical force against the person of another.

Having concluded that facilitation of aggravated robbery is a violent felony within the meaning of § 924(e)(2)(B)(i), we need not decide whether it also qualifies under the residual clause as a crime that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii).

III.

For these reasons, we affirm.