NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0665n.06

No. 13-5001

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| DEWAYNE GHOSTON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  KEITH and McKEAGUE, Circuit Judges; WATSON, District Judge.[*]

PER CURIAM.  Dewayne Ghoston appeals his fifteen-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  We affirm.

Ghoston pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).  Prior to sentencing, Ghoston objected to his classification as an armed career criminal, asserting that his prior conviction for attempted aggravated burglary under Tennessee law does not constitute a violent felony under the ACCA and that the ACCA's residual clause is

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

unconstitutionally void for vagueness.[1]  The district court overruled Ghoston's objections and imposed the ACCA's mandatory minimum sentence of fifteen years of imprisonment.

In this timely appeal, Ghoston argues that his attempted aggravated burglary conviction does not constitute a violent felony under the ACCA.  We review *de novo* the district court's determination that a conviction constitutes a violent felony under the ACCA.  *United States v. Eubanks*, 617 F.3d 364, 366 (6th Cir. 2010).  The ACCA provides that a defendant convicted of possession of a firearm by a felon who has three prior convictions for a violent felony or a serious drug offense is subject to a mandatory minimum sentence of fifteen years of imprisonment.  18 U.S.C. § 924(e)(1).  The ACCA defines "violent felony," in part, as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*."  18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).  To fall within the italicized residual clause, the crime must be "roughly similar, in kind as well as in degree of risk posed," to the enumerated violent felonies.  *Begay v. United States*, 553 U.S. 137, 143 (2008).

In *James v. United States*, 550 U.S. 192 (2007), the Supreme Court held that attempted burglary under Florida law falls within the ACCA's residual clause, stating that "the risk posed by an attempted burglary . . . may be even greater than that posed by a typical completed burglary," given the possibility of a face-to-face confrontation "when the attempt is thwarted by some outside intervenor—be it a property owner or law enforcement officer."  *Id*. at 203–04.  In reaching this

---

[1]Ghoston did not dispute that his two prior convictions for aggravated burglary, which is the burglary of a habitation, Tenn. Code Ann. § 39-14-403(a), are violent felonies under the ACCA.

conclusion, the Supreme Court relied, in part, on this court's holding that attempted burglary under Tennessee law falls within the ACCA's residual clause: "[T]he propensity for a violent confrontation and the serious potential risk of injury inherent in burglary is not diminished where the burglar is not successful in completing the crime. The potential risk of injury is especially great where the burglar succeeds in entry or near-entry despite not fully completing the crime." *Id*. at 204 n.3 (quoting *United States v. Bureau*, 52 F.3d 584, 593 (6th Cir. 1995)). This case is controlled by *James* and *Bureau*.

Ghoston contends that *James* was wrongly decided because statistical analysis, endorsed by the Supreme Court in *Sykes v. United States*, 131 S. Ct. 2267, 2274 (2011), demonstrates that attempted burglary is not similar in degree of risk to completed burglary and that the intuitive assumptions underlying the Supreme Court's decision in *James* are incorrect. In *Sykes*, the Supreme Court did not require the use of statistics to determine whether a crime is similar in degree of risk to an enumerated violent felony, stating that "statistics are not dispositive." *Sykes*, 131 S. Ct. at 2274. Nor did the Supreme Court call into question its prior decision in *James*. In fact, the Supreme Court quoted and applied the following test set forth in *James*: "a crime involves the requisite risk when 'the risk posed by [the crime in question] is comparable to that posed by its closest analog among the enumerated offenses.'" *Sykes*, 131 S. Ct. at 2273 (quoting *James*, 550 U.S. at 203).

According to Ghoston, the Supreme Court's intuitive assumptions regarding the risk posed by attempted burglary are undermined by the Tennessee burglary statute. Under Tennessee law, a burglary is complete upon entering a building with intent to commit a felony, theft, or assault. Tenn. Code Ann. § 39-14-402(a)(1). Ghoston asserts that attempted burglary occurs when the defendant

fails to actually enter the building, which creates very little potential for a violent confrontation with the property owner. The Florida statute at issue in *James* similarly defined burglary as "entering or remaining in a structure or a conveyance with the intent to commit an offense therein." *James*, 550 U.S. at 197 (quoting Fla. Stat. § 810.02(1)). In analyzing the degree of risk posed, the Supreme Court recognized that attempted burglary did not involve an entry: "Interrupting an intruder at the doorstep while the would-be burglar is attempting a break-in creates a risk of violent confrontation comparable to that posed by finding him inside the structure itself." *Id*. at 203–04.

Ghoston also contends that the ACCA's residual clause is unconstitutionally void for vagueness. We review *de novo* whether a criminal statute is unconstitutionally vague. *United States v. Hart*, 635 F.3d 850, 856 (6th Cir. 2011). We have previously rejected vagueness challenges to the ACCA's residual clause, pointing out the Supreme Court's statements that the statute is sufficiently definite. *See United States v. Perry*, 703 F.3d 906, 911 (6th Cir. 2013) (citing *James*, 550 U.S. at 210 n.6), *cert. denied*, 133 S. Ct. 1844 (2013); *United States v. Taylor*, 696 F.3d 628, 633 (6th Cir. 2012) (citing *Sykes*, 131 S. Ct. at 2277, and *James*, 550 U.S. at 210 n.6).

For the foregoing reasons, we reject Ghoston's arguments on appeal and find no error in the sentencing. We acknowledge that the district court was understandably troubled by the lengthy prison term it was required to impose under the ACCA. The record also shows that Ghoston's counsel and the Assistant United States Attorney worked cooperatively to facilitate a less onerous outcome. But for Ghoston's failure to fully cooperate, the efforts might have been more successful. In the end, even as we acknowledge that the sentence mandated by Congress appears to be harsh, there is no cognizable legal error. We therefore AFFIRM the judgment of the district court.

-4-