RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 15a0012p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CARLOS FALLINS,

*Defendant-Appellant.*

No. 14-5153

Appeal from the United States District Court
for the Eastern District of Tennessee of Chattanooga.
No. 1:12-cr-00127-1—Curtis L. Collier, District Judge.

Decided and Filed:  January 22, 2015

Before:  SILER, GRIFFIN, and WHITE, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:**  Laura E. Davis, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellant.  Gregg L. Sullivan, UNITED STATES ATTORNEY'S OFFICE, Chattanooga, Tennessee, for Appellee.

_____

### OPINION

_____

SILER, Circuit Judge.  Carlos Fallins pleaded guilty to possession of a firearm by a felon. The district court found that Fallins qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  Fallins challenges his sentence on the theories that attempted aggravated arson under Tennessee law is not a "violent felony" under the ACCA's

1

residual clause and that the ACCA's residual clause is unconstitutionally vague. For the following reasons, we **AFFIRM** the judgment and sentence.

**I.**

In 2013, Fallins pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He had multiple prior Tennessee convictions, including: (1) a 1995 robbery conviction; (2) a 1998 attempted aggravated arson conviction; and (3) a 2007 possession of crack cocaine for resale conviction. Based on these three prior convictions, the presentence report ("PSR") concluded that Fallins qualified for an enhanced sentence under 18 U.S.C. § 924(e)—the ACCA. Applying the ACCA enhancement, the PSR calculated a guidelines range of 180 to 210 months.

Fallins objected to the ACCA enhancement and filed a motion for downward departure or, in the alternative, a downward variance pursuant to 18 U.S.C. § 3553(a). Because "arson" is an "enumerated" offense under 18 U.S.C. § 924(e)(2)(B)(ii) and "attempted aggravated arson" is not, Fallins asserted that his attempted aggravated arson conviction was not a qualifying offense under the residual clause of the ACCA. He argued that his attempted aggravated arson conviction was not a "violent felony" because it did not involve conduct that "presents a serious potential risk of physical injury to another."

Fallins argued that the district court could not rely on the Government's proffered factual basis in the plea transcript for the attempted aggravated arson conviction because Fallins did not assent to the factual summary. The court agreed with Fallins that it could not rely upon facts that were proffered by the Government during the plea colloquy but not admitted by Fallins. Nonetheless, the court found that Fallins's attempted aggravated arson conviction was a "violent felony" under the ACCA's residual clause and also found that Fallins's crack-cocaine conviction and his robbery conviction qualified as predicate offenses under the ACCA. Based on Fallins's ACCA designation and after considering the 18 U.S.C. § 3553(a) factors, the district court sentenced him to 195 months of incarceration.

**II.**

"We generally review *de novo* a district court's determination that a prior conviction qualifies as a 'violent felony' under the ACCA." *United States v. Anderson*, 695 F.3d 390, 399 (6th Cir. 2012) (citing *United States v. Benton*, 639 F.3d 723, 729 (6th Cir. 2011)).

Fallins claims that his sentence enhancement was unwarranted because the district court erred when it found that his attempted aggravated arson conviction qualified as a "violent felony." Under § 924(e)(1) of the ACCA, when a defendant is convicted of being a felon in possession of a firearm and has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another," the defendant "shall be . . . imprisoned not less than fifteen years . . . ." The ACCA defines "violent felony" in § 924(e)(2):

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Courts may rely on a limited body of material when considering whether a predicate offense qualifies as a "violent felony" under the ACCA. Generally, we apply a "categorical approach" to assess whether a predicate offense is a violent felony. Under this approach, we only consider the statutory definition of the predicate crime. *United States v. Davis*, 751 F.3d 769, 774-75 (6th Cir. 2014). The particular facts underlying the conviction are irrelevant. *Id.*

However, some crimes are "divisible," which "mean[s] they encompass different crimes embedded in one statute. If a divisible statute contains multiple crimes, *and* if at least one of the crimes is categorically a violent felony and at least one of the crimes is not, then we employ a 'modified categorical approach.'" *United States v. Ball*, 771 F.3d 964, 968 (6th Cir. 2014) (citing *Descamps v. United States*, 133 S. Ct. 2276, 2281-85 (2013)). Under the "modified categorical approach," we consider a narrow category of documents, known as *Shepard* materials, to evaluate which crime within the statute was the basis of the defendant's predicate

conviction. *See United States v. Rede-Mendez,* 680 F.3d 552, 556 (6th Cir. 2012). *Shepard* materials include only the charging document, a written plea agreement and the transcript of the plea colloquy or some comparable judicial record of this information. *Shepard v. United States,* 544 U.S. 13, 26 (2005).

In this case, there are several Tennessee statutes at issue. Fallins was convicted of attempted aggravated arson, in violation of Tenn. Code Ann. § 39-12-101. Tennessee defines aggravated arson as:

> (a) A person commits aggravated arson who commits arson as defined in [Tenn. Code Ann.] § 39-14-301 or § 39-14-303:
>
> (1) When one (1) or more persons are present therein; or
>
> (2) When any person, including firefighters and law enforcement officials, suffers serious bodily injury as a result of the fire or explosion.

Tenn. Code Ann. § 39-14-302.

Arson is defined in two separate sections of the Tennessee Code: (1) § 39-14-301, which defines arson of a structure; and (2) § 39-14-303, which defines arson of personal property or real estate. The former offense is defined as:

> (a) A person commits [arson] who knowingly damages any structure by means of a fire or explosion:
>
> (1) Without the consent of all persons who have a possessory, proprietary or security interest therein; or
>
> (2) With intent to destroy or damage any structure to collect insurance for the damage or destruction or for any unlawful purpose.

Tenn. Code Ann. § 39-14-301. Arson of personal property or real estate is defined as:

> (a) A person commits arson who knowingly damages any personal property, land, or other property, except buildings or structures covered under § 39-14-301, by means of a fire or explosion:
>
> (1) Without the consent of all persons who have a possessory or proprietary interest therein; or
>
> (2) With intent to destroy or damage any such property for any unlawful purpose.

Tenn. Code Ann. § 39-14-303.

Because "arson" is an "enumerated" offense under 18 U.S.C. § 924(e)(2)(B)(ii)—meaning it is a violent felony—aggravated arson undoubtedly qualifies as a "violent felony" under the ACCA. However, because Fallins's conviction was for *attempted* aggravated arson, we must also consider Tennessee's attempt statute. Under Tennessee law, an attempt may be committed in one of three ways:

> (a) A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:
>
> (1) Intentionally engages in action or causes a result that would constitute an offense, if the circumstances surrounding the conduct were as the person believes them to be;
>
> (2) Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or
>
> (3) Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

Tenn. Code Ann. § 39-12-101.

Subdivisions (a)(1), (a)(2) and (a)(3) set forth three ways an individual can commit the offense of criminal attempt. *Id.* However, we need not pinpoint which subdivision formed the basis of Fallins's predicate crime. Applying the two-part test discussed below, it appears that any form of attempted aggravated arson—under subdivision (a)(1), (a)(2) or (a)(3)—would be a categorically violent felony. Therefore, we must apply the categorical approach and only consider the statutory definitions of the predicate crime. *See Davis*, 751 F.3d at 774-75.

Accordingly, the issue is whether Fallins's attempted aggravated arson conviction qualifies as a violent felony under the residual clause of § 924(e)(2)(B)(ii). As a threshold matter, the Supreme Court has held that an attempt to commit an enumerated offense may come within the scope of § 924(e)(2)(B)(ii)'s residual provision. *See James v. United States*, 550 U.S. 192, 201 (2007). In *James*, the Supreme Court upheld a finding that attempted burglary is a violent felony under the residual clause. *Id.* at 195. We have not yet addressed whether attempted aggravated arson under Tennessee law—or under any other state's law—constitutes a

violent felony under the residual clause.[1]    However, the Eleventh Circuit has held that a conviction for attempted arson under Florida law is a violent felony under the ACCA's residual clause.  *United States v. Rainey*, 362 F.3d 733, 736 (11th Cir. 2004); *see also United States v. Adkison*, 100 F.3d 950 (4th Cir. 1996) (table) (noting that the defendant's "distinction between arson and attempted arson is immaterial.  Arson or attempted arson, by their very nature, pose serious potential risk of physical injury to other persons . . . .  Adkison's inability to consummate the arson does not negate the risk of harm.").  Fallins has not identified case law from any other circuit to the contrary to support his position that attempted aggravated arson is not a violent felony under the ACCA's residual clause.

We apply a two-step test to determine if a crime is "violent" under the ACCA's residual clause.  *See United States v. Stafford*, 721 F.3d 380, 399 (6th Cir. 2013).  The first step evaluates whether the predicate offense, as defined by statute, "presents a serious potential risk of physical injury to another."  *United States v. Mitchell*, 743 F.3d 1054, 1060 (6th Cir. 2014).  "The crime need not actually *result* in physical injury; the residual clause requires only 'a serious *potential* risk of physical injury.'"  *Ball*, 771 F.3d at 969 (quoting *United States v. Taylor*, 696 F.3d 628, 632 (6th Cir. 2012)).

Under Tennessee law, arson is defined as setting fire to a structure, Tenn. Code Ann. § 39-14-301, or to personal property or real estate, Tenn. Code Ann. § 39-14-303.  Aggravated arson requires that one or more persons be present in the structure or that serious bodily injury occurs to any individual as a result of the fire or explosion.  Tenn. Code Ann. § 39-14-302.  We have recognized that arson (without the added element of aggravation) causes a serious potential risk of physical injury.  *See United States v. Adams*, 51 F. App'x 507, 508 (6th Cir. 2002) ("Arson . . . involves conduct posing a serious potential risk of physical injury to another" and the "serious potential risk of physical injury to others exists because the fire could harm firefighters and onlookers and could spread to occupied structures.").  And, for the following

---

[1]An attempt to commit another enumerated offense—burglary—is covered by the ACCA's residual clause. *United States v. Lane*, 909 F.2d 895, 903 (6th Cir. 1990) (holding that "[defendant's] conviction for attempted burglary [under Ohio law] is a 'violent felony' under the [residual clause]").  While this illustrates that we have held that an attempt to commit an enumerated offense may constitute a violent felony under the ACCA's residual clause, whether an attempt to commit an enumerated offense is a violent felony under the ACCA's residual clause is determined on a case-by-case basis by looking to each state's attempt statute.

reasons, attempted aggravated arson also creates a serious potential risk of physical injury to another.

Satisfying the "serious potential risk of physical injury" requirement under the ACCA's residual clause does "not require metaphysical certainty. Rather, § 924(e)(2)(B)(ii)'s residual provision speaks in terms of a 'potential risk.' These are inherently probabilistic concepts. Indeed, the combination of the two terms suggests that Congress intended to encompass possibilities even more contingent or remote than a simple 'risk,' much less a certainty." *James*, 550 U.S. at 207-08. Under subdivisions (a)(1), (a)(2) and (a)(3) of Tennessee's criminal attempt statute, attempted aggravated arson creates the requisite potential of risk contemplated under the ACCA's residual clause.

"[S]ubdivision (a)(1) [of Tennessee's criminal attempt statute] is directed at a completed course of conduct." *State v. Byrd*, No. E2000-00520-CCA-R3-CD, 2001 WL 840290, at *3 (Tenn. Crim. App. July 26, 2001) (quoting Tenn. Code Ann. § 39-12-101, Sentencing Comm'n Cmts.). In order to commit an attempt under subdivision (a)(1), Fallins would have had to engage in conduct that would have constituted aggravated arson but for a mistake in fact. He had to have taken all steps required to commit aggravated arson—which necessarily requires either the presence of one or more persons in the targeted structure or serious bodily injury resulting from the arson—yet failed to complete the offense due to some mistake of fact, such as that an explosive device was defective. This scenario does not negate the inherent serious potential risk of physical injury.

Subdivision (a)(2) is:

> a codification of the generally accepted "last proximate act" doctrine as a basis for imposing attempt responsibility. The law is that if an offense is defined in terms of causing a certain result, an individual commits an attempt at the point when the individual has done everything believed necessary to accomplish the intended criminal result.

*State v. Braden*, No. 01C01-9408-CR-00264, 1995 Tenn. Crim. App. LEXIS 262, at *2-3 (Mar. 23, 1995). Thus, taking all steps required to commit aggravated arson—which necessarily requires either the presence of one or more persons in the targeted structure or serious bodily

injury resulting from the arson—yet being unsuccessful in carrying out the crime, does not negate the inherent potential risk of physical injury.

Subdivision (a)(3) imputes attempt responsibility—beyond mere preparation but short of the completed offense—when an individual's intentional "conduct constitutes a substantial step toward the commission of the offense." Tenn. Code Ann. § 39-12-101(a)(3); *see State v. Reeves*, 916 S.W.2d 909, 914 (Tenn. 1996) (holding that a jury may find that subdivision (a)(3) is satisfied when a defendant "possesses materials to be used in the commission of a crime, at or near the scene of the crime, and where the possession of those materials can serve no lawful purpose . . . *if such action is strongly corroborative of the actor's overall criminal purpose*" (emphasis added)). Significantly, "[c]onduct does not constitute a substantial step under subdivision (a)(3), unless the person's entire course of action is corroborative of the intent to commit the offense." Tenn. Code Ann. § 39-12-101(b). When one possesses materials necessary to commit arson at or near the scene with the intent to commit aggravated arson, the conduct creates a serious potential risk of physical injury to another.

Because attempted aggravated arson under Tennessee law always "presents a serious potential risk of physical injury to another" under the first step of the residual clause analysis, we proceed to step two. To qualify as a violent felony under the second step of the residual clause analysis, the crime "must also be similar 'in kind as well as in degree of risk posed'" to the enumerated crimes in 18 U.S.C. § 924(e)(2)(B)(ii), *e.g.*, burglary, arson, extortion and crimes involving explosives. *United States v. Vanhook*, 640 F.3d 706, 710 (6th Cir. 2011) (quoting *Begay v. United States*, 553 U.S. 137, 143 (2008)).

The Supreme Court has established two different standards for assessing whether a crime's riskiness is comparable to the enumerated crimes. In *Begay*, it held that the underlying crime—driving while under the influence—did not possess the requisite degree of risk because DUI is not inherently "purposeful, violent and aggressive." 553 U.S. at 144-45. In *Sykes v. United States*, 131 S. Ct. 2267, 2276 (2011), it drew a distinction between "crime[s] akin to strict liability, negligence, and recklessness crimes" such as the DUI at issue in *Begay* and those that are not. 131 S. Ct. at 2276. "When a crime carries a specific *mens rea*, the Court [in *Sykes*] explained, the inquiry is not whether the crime was purposeful, violent, and aggressive. Instead,

courts should compare the risk posed by the crime in question to the risk posed by its closest analog among the ACCA's enumerated offenses." *Ball*, 771 F.3d at 970 (citing *Sykes*, 131 S. Ct. at 2273).

Fallins's crime of attempted aggravated arson requires a specific *mens rea*. Attempt, Tenn. Code Ann. § 39-12-101, is an intentional offense under each of the three prongs of the statute. *See State v. Kimbrough*, 924 S.W.2d 888, 890 (Tenn. 1996) ("The nature of an attempt . . . is that it requires a specific intent."). And Tennessee law provides that arson must be done "knowingly." Tenn. Code Ann. §§ 39-14-301 & 39-14-303. Because Tennessee's attempt statute requires a specific *mens rea*, the *Sykes* test applies. And the question under *Sykes* is whether the crime at issue—attempted aggravated arson—poses a risk similar to that of "its closest analog among the enumerated offenses." *Sykes*, 131 S. Ct. at 2273 (quoting *James*, 550 U.S. at 203).

Here, arson is the closest enumerated offense to the crime of attempted aggravated arson. In evaluating whether the crime of attempted burglary satisfied the requisite degree of risk to be a "violent" felony under the ACCA, the Supreme Court in *James* concluded that attempted burglary is akin to and possesses the same kind of risk as the enumerated offense of burglary. 550 U.S. at 203-04. Applying the Court's logic in *James*, we recognize that attempted aggravated arson is akin to and possesses the same kind of risk as arson.

Accordingly, we hold that attempted aggravated arson under Tennessee law qualifies as a violent felony under the ACCA's residual clause.

## III.

Fallins claims for the first time on appeal that the ACCA is "unconstitutionally vague in whole, and/or in part with respect to the residual clause." He acknowledges that "current precedent is against him," yet offers no reason why we can or should depart from binding precedent. Constitutional sentencing issues not raised below are reviewed for plain error. *United States v. Yancy*, 725 F.3d 596, 600 (6th Cir. 2013).

Fallins is unable to satisfy the first prong of the plain-error test because binding precedent from the Supreme Court as well as our court precludes his vagueness challenge. The Court in

*James* stated that, "[w]hile ACCA requires judges to make sometimes difficult evaluations of the risks posed by different offenses, we are not persuaded by Justice Scalia's suggestion . . . that the residual provision is unconstitutionally vague." 550 U.S. at 210 n.6.[2] The Court later interpreted the ACCA and relied on its residual clause to uphold the judgment in *Sykes*, 131 S. Ct. at 2277. Similarly, we have recognized that "[b]inding precedent holds that the ACCA's residual clause is not unconstitutionally vague." *United States v. Phillips*, 752 F.3d 1047, 1051 (6th Cir. 2014); *see also Taylor*, 696 F.3d at 633 (rejecting the defendant's vagueness challenge to the ACCA's residual clause and noting that in *James* and *Sykes* the Supreme Court "stated that the statute is sufficiently definite, stripping us of any authority to hold otherwise"). Accordingly, we find no error.

**AFFIRMED.**

---

[2] We recognize that the Supreme Court recently granted reargument on this issue in *Johnson v. United States*, No. 13-7120, 2015 WL 132524, at *1 (Jan. 9, 2015), but until a decision is reached, the ACCA residual clause is not void for vagueness. *Sykes*, 131 S. Ct. at 2277 (relying on the residual clause to uphold the judgment).