NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0502n.06

No. 14-6524

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 15, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Plaintiff-Appellee, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| v. | ) | |
| | ) | |
| WILLIE BAILEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |

BEFORE:     CLAY and McKEAGUE, Circuit Judges; BERTELSMAN, District Judge.[*]

**PER CURIAM.**   Defendant Willie Bailey appeals his sentence of 180 months of imprisonment imposed by the district court following his plea of guilty to three counts of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g).  The district court imposed this sentence after it determined that Bailey had six predicate violent felonies for purposes of the Armed Career Criminal Act ("ACCA"), which requires a mandatory-minimum sentence of 180 months for a defendant convicted of violating § 922(g) who has three or more prior convictions for violent felonies.  18 U.S.C. § 924(e)(1).  On appeal, Bailey argues that two of his convictions cannot qualify as violent felonies and that the residual clause of the ACCA is unconstitutionally vague.  We **AFFIRM**.

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

I.

On June 24, 2013, a federal grand jury in the Western District of Tennessee returned a three-count indictment against Bailey. The Indictment charged Bailey with three counts of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). Count I charged Bailey with possession of ammunition for a .30-30 rifle. Count II charged Bailey with possession of ammunition for a .20 gauge shotgun, and Count III charged Bailey with possession of ammunition for a .12 gauge shotgun.

On February 27, 2014, Baily appeared before the district court for a change-of-plea hearing. At that hearing, Bailey withdrew his original plea of not guilty and pled guilty to the all of the Counts charged in the Indictment. The district judge accepted Bailey's plea of guilty, after finding that a sufficient factual basis existed for that plea.

United States Pretrial Services prepared an initial Presentence Investigation Report ("PSR") on April 22, 2014. The PSR recommended that the district court adjudge Bailey an armed career criminal for purposes of 18 U.S.C. § 924(e) based on his prior convictions for multiple violent felonies. The PSR identified the following prior convictions as predicate violent felonies for purposes of the ACCA: (1) a 1987 Tennessee conviction for third-degree burglary, (2) a 1989 Tennessee conviction for third-degree burglary, (3) a 1992 Tennessee conviction for attempted burglary, (4) a 1994 Tennessee conviction for aggravated burglary, (5) a 1994 Tennessee conviction for robbery, and (6) a 1996 Tennessee conviction for aggravated robbery.

On April 29, 2014, the government filed its Position Regarding Presentence Report. It did not object to any portion of the PSR.

Bailey filed his Position Regarding Presentence Report on June 10, 2014, objecting to the use of five of the six predicate violent felonies for purposes of the ACCA. Bailey first objected that his 1987 and 1989 convictions for third-degree burglary were not categorically violent felonies under the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). Bailey next objected that the government had not met its burden to prove that his 1992 conviction for attempted burglary and his 1996 conviction for aggravated robbery were violent felonies because the PSR relied on facts taken from the respective affidavits of complaint. Finally, Bailey objected that he was not the individual convicted of the 1994 aggravated burglary because the Social Security number for the defendant who committed that crime differed from Bailey's Social Security number.

On December 5, 2014, Bailey appeared before the district judge for sentencing. The district court first overruled Bailey's objection to paragraph 35 of the PSR, dealing with Bailey's prior conviction in 1994 for aggravated burglary. Based on documents submitted by the government, the district judge found that Bailey was in fact the individual convicted of the 1994 aggravated burglary. Bailey does not challenge this finding on appeal.

The district judge then turned to Bailey's objection that his 1987 and 1989 convictions under Tennessee's third-degree burglary statute could not be predicate offenses for purposes of the ACCA following the Supreme Court's decision in *Descamps*. The district court overruled Bailey's objection, finding itself bound by this Court's prior decision in *United States v. Caruthers*, 458 F.3d 459, 473–76 (6th Cir. 2006), which held that a conviction under Tennessee's pre-1989 burglary statute qualifies as a violent felony. At this point, the district judge had ruled that Bailey had committed three predicate violent felonies.

The government then requested that the district court find that three of Bailey's other prior convictions also qualified as violent felonies under the ACCA. Those prior convictions were Bailey's 1992 Tennessee conviction for attempted burglary, 1994 Tennessee conviction for robbery, and 1996 Tennessee conviction for aggravated robbery. The district judge granted the government's request with respect to the attempted burglary conviction based on this Court's decision in *United States v. Ghoston*, 530 F. App'x 468, 469–70 (6th Cir. 2013). And based on its recollection that robbery had been ruled a violent felony, the district court also granted the government's request with respect to Bailey's two robbery convictions. The district judge thus found that all six of Bailey's prior convictions, flagged by the PSR, qualified as violent felonies for purposes of the ACCA.

Because the district court found that Bailey qualified as an armed career criminal, 18 U.S.C. § 924(e)(1) required the court to impose a sentence of at least 180 months. The district judge sentenced Bailey to the statutory minimum.

II.

This Court reviews *de novo* whether a defendant's prior conviction constitutes a violent felony for purposes of the ACCA. *United States v. Fallins*, 777 F.3d 296, 297 (6th Cir. 2015). The panel must apply the "'categorical approach' to assess whether a predicate offense is a violent felony." *Id.* This Court considers "the statutory definition of the predicate crime," without regard to the facts underlying the conviction. *Id.*

The ACCA defines a "violent felony" as follows:

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or

carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). Subsection (i) is referred to as the "use-of-force clause." The first portion of subsection (ii)—ending in "explosives"—is referred to as the "enumerated-offense clause," and the remainder of subsection (ii) is referred to as the "residual clause."

On June 26, 2015, in *Johnson v. United States*, 576 U.S. ___ (2015), the Supreme Court held that the residual clause of the ACCA—providing sentence enhancements for crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another"—is unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. *Id.* (slip op. at 5). The United States accordingly cannot enhance Bailey's sentence based on a prior conviction that constitutes a violent felony pursuant only to the residual clause.

The government bears the burden to prove that Bailey has three prior convictions that constitute predicate violent felonies for purposes of the ACCA. *United States v. Goodman*, 519 F.3d 310, 316 (6th Cir. 2008). The United States met that burden here because Bailey's prior convictions for aggravated burglary in 1994, for robbery in 1994, and for aggravated robbery in 1996 categorically are violent felonies that do not implicate the ACCA's unconstitutional residual clause. Binding precedent from this Court holds that Bailey's aggravated burglary conviction constitutes a violent felony under the enumerated-offense prong and that his robbery and aggravated robbery convictions constitute violent felonies under the use-of-force clause.

A. **Aggravated Burglary as a Violent Felony**

Tennessee law explicates the elements of aggravated burglary in Tenn. Code Ann. § 39-14-403: "Aggravated burglary is burglary of a habitation as defined in §§ 39-14-401 and 39-14-402." The Supreme Court of Tennessee elaborated on this definition in *State v. Langford*, 994 S.W.2d 126 (Tenn. 1999), stating that "[a]ggravated burglary occurs when an individual enters a habitation 'without the effective consent of the property owner' and . . . intends to commit a felony." *Id.* at 127 (quoting Tenn. Code Ann. §§ 39-14-402 to -403).

Relying on this state-law definition of the crime, this Court has held that Tennessee's aggravated-burglary statute "represents a generic burglary capable of constituting a violent felony for ACCA purposes." *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007). Because Tennessee aggravated burglary is a generic version of the crime of burglary, it constitutes a violent felony under the ACCA's enumerated-offense clause, 18 U.S.C. § 924(e)(2)(B)(ii) (listing burglary as a violent felony). *Taylor v. United States*, 495 U.S. 575, 599 (1990) ("We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.").

The holdings from *Taylor* and *Nance* are controlling and establish that a Tennessee conviction for aggravated burglary is categorically a violent felony under the ACCA's enumerated-offense clause.

**B.    Robbery and Aggravated Robbery as Violent Felonies**

Tennessee law explicates the elements of aggravated robbery in Tenn. Code Ann. § 39-13-402: "Aggravated robbery is robbery as defined in § 39-13-401 . . . [a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or [w]here the victim suffers serious bodily injury." Section 39-13-401 in turn defines robbery as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear."

In *United States v. Gloss*, 661 F.3d 317 (6th Cir. 2011), this Court held that a Tennessee conviction for facilitation of aggravated robbery qualifies as a violent felony under the ACCA's use-of-force clause, *id.* at 319. The *Gloss* court explained: "Any robbery accomplished with a real or disguised deadly weapon, or that causes serious bodily injury, falls under the first clause of the definition of violent felony, as it necessarily involves 'the use, attempted use, or threatened use of physical force against the person of another.'" *Id.* (quoting 18 U.S.C. § 924(e)(2)(B)(i)).

And in *United States v. Mitchell*, 743 F.3d 1054 (6th Cir. 2014), this Court held that a Tennessee conviction for robbery qualifies as a violent felony under the ACCA's use-of-force clause, *id.* at 1059. The *Mitchell* court explained that the "element of violence contained in the robbery statute . . . satisfies § 924(e)(2)(B)(i)'s requirement of the 'use, attempted use, or threatened use of physical force.'" *Id.*

The holdings from *Gloss* and *Mitchell* are controlling and establish that Tennessee convictions for aggravated robbery and robbery are categorically violent felonies under the ACCA's use-of-force clause.

III.

The district judge correctly found that three of Bailey's prior convictions constitute violent felonies under the ACCA's enumerated-offense and use-of-force clauses. Because that is all that the ACCA requires before triggering a mandatory-minimum sentence of 180 months, we need not consider Bailey's alternative arguments about whether his other convictions qualify as violent felonies. We **AFFIRM** the judgment of the district court.