RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0086p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RONNIE SWEETS SMITH,

*Defendant-Appellant.*

Nos. 15-3311/3312/3313

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 4:10-cr-00136—Sara E. Lioi, District Judge.

Decided and Filed: April 8, 2016

Before: BOGGS, and ROGERS, Circuit Judges; BERG, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** William G. Brown, STITES & HARBISON, PLLC, Franklin, Tennessee, for Appellant. Laura McMullen Ford, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

ROGERS, Circuit Judge. Ronnie Smith challenges on appeal the enhancement of his felon-in-possession sentence under the enumerated-offenses clause of the Armed Career Criminal Act (the "ACCA"). Under the ACCA, a person who violates 18 U.S.C. § 922(g) and

---

[*]The Honorable Terrence G. Berg, United States District Judge for the Eastern District of Michigan, sitting by designation.

has three previous convictions for a violent felony shall be imprisoned for a minimum of 15 years. 18 U.S.C. § 924(e)(1). Under the ACCA's so-called enumerated-offenses clause, a "violent felony" includes a crime that is "punishable by imprisonment for a term exceeding one year" and "is burglary, arson, or extortion, [or] involves [the] use of explosives." 18 U.S.C. § 924(e)(2)(B)(ii). Smith relies on the Supreme Court's recent decision invalidating a different ACCA clause, the residual clause, as unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). The residual clause includes as a "violent felony" a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The enumerated-offenses clause, however, gives ordinary people fair notice of the conduct it punishes and does not invite arbitrary enforcement. Further, the enumerated-offenses clause does not contain the weaknesses that rendered the residual clause invalid. Moreover, limiting language in the *Johnson* opinion makes clear that its holding does not extend to the enumerated-offenses clause. Smith's argument therefore does not provide a basis for relief.

Smith pled guilty to two counts of possessing firearms as a felon under 18 U.S.C. § 922(g)(1), and to other federal crimes. After concluding that Smith had three prior convictions that constituted violent-felony convictions under the enumerated-offenses clause of the ACCA, the district court determined that Smith's sentence should be enhanced. The district court therefore sentenced Smith to an aggregate of 200 months in prison. Smith appeals.

Smith's contention that the enumerated-offenses clause is unconstitutionally vague lacks merit. A criminal law is unconstitutionally vague when the law is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson*, 135 S. Ct. at 2556 (citing *Kolender v. Lawson*, 461 U.S. 352, 357–58 (1983)). Since the method that courts use to determine if crimes qualify as violent felonies under this clause produces predictable, consistent results, the enumerated-offenses clause gives ordinary people fair notice of the conduct it punishes and does not invite arbitrary enforcement. To determine whether an offense qualifies as a violent felony under this clause, a court must "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood. The prior conviction

qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). If the defendant has been convicted of violating a "divisible statute" that "sets out one or more elements of the offense in the alternative," the court may examine "a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then . . . compare the elements of the crime of conviction . . . with the elements of the generic crime." *Id.*

This elements-to-elements comparison allows a person to determine whether a conviction will qualify as a violent felony by examining the statute under which the conviction was made and a limited class of documents. The enumerated-offenses clause therefore gives ordinary people fair notice of the conduct that it punishes. Further, since the elements-to-elements comparison is grounded in real-world facts and statutory elements, the enumerated-offenses clause does not invite courts to make arbitrary assessments about whether convictions qualify as violent felonies under this clause. The enumerated-offenses clause is therefore not unconstitutionally vague.

Smith's reliance on *Johnson* for the proposition that the enumerated-offenses clause is unconstitutionally vague is misplaced. This is because the enumerated-offenses clause does not contain the weaknesses that led the *Johnson* Court to conclude that the residual clause was unconstitutionally vague. The Supreme Court held that the residual clause contained "[t]wo features" that "conspire to make it unconstitutionally vague." *Johnson*, 135 S. Ct. at 2557. First, the clause created "grave uncertainty about how to estimate the risk posed by a crime" by tying "the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* This is because to determine whether a crime categorically qualified as a violent felony under the residual clause, a court was required to imagine "the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury." *Id.* (quoting *James v. United States*, 550 U.S. 192, 208 (2007)). The enumerated-offenses clause does not require courts to make this type of uncertain assessment about risk. As stated above, courts use an elements-to-elements comparison to determine whether an offense qualifies as a violent felony under the

enumerated-offenses clause. This comparison does not require courts to make any assessments about the risk that a crime poses in an ordinary case. Accordingly, the enumerated-offenses clause does not contain the first feature that led the Supreme Court to conclude that the residual clause was unconstitutionally vague.

The enumerated-offenses clause also does not contain the second weakness that led the Supreme Court to conclude that the residual clause was unconstitutionally vague. The Supreme Court held in *Johnson* that the residual clause produced "more unpredictability and arbitrariness than the Due Process Clause tolerates," because the clause, in addition to creating uncertainty about how to estimate the risk posed by a crime in an ordinary case, "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Johnson*, 135 S. Ct. at 2558. In contrast, the elements-to-elements comparison that courts use to determine if a crime constitutes a violent felony under the enumerated-offenses clause does not measure risk of injury at all. The enumerated-offenses clause therefore does not produce the type of unpredictable and arbitrary results that rendered the residual clause unconstitutional.

Indeed, the Supreme Court explicitly stated that its decision in *Johnson* "does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." *Id.* at 2563. Citing this language, we have explained that after *Johnson* "a defendant can still receive an ACCA-enhanced sentence based on the statute's . . . enumerated-offense clause." *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015). Since the decision in *Johnson*, we have continued to uphold sentences that were enhanced because defendants had been convicted of committing prior offenses that qualified as violent felonies under the enumerated-offenses clause, albeit in opinions that did not explicitly address the issue of whether the enumerated-offenses clause is unconstitutionally vague. *Id*. at 684–87; *United States v. Taylor*, 800 F.3d 701, 719–20 (6th Cir. 2015); *United States v. Bailey*, No. 14–6524, 2015 WL 4257103, at *3–4 (6th Cir. July 15, 2015).

The judgment of the district court is affirmed.