NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  16a0424n.06

No. 15-3527

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Jul 28, 2016 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
|  | ) |  |
| MOISES PEREZ, | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |
|  | ) |  |

BEFORE:  GILMAN, WHITE, and STRANCH, Circuit Judges.

PER CURIAM.  Moises Perez challenges his 210-month sentence imposed pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), arguing that his Ohio conviction for attempted intimidation is not a proper ACCA predicate.

Perez pleaded guilty without a plea agreement to possession of firearms and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1).  (RE 1, Page ID ## 1-2; 1/27/15 Minutes of Proceedings).  The presentence report designated Perez as an armed career criminal pursuant to the ACCA, identifying the following prior convictions as predicate offenses:  (1) a 1987 New York conviction for robbery, (2) a 2005 Ohio conviction for attempted intimidation, (3) a 2005 Ohio conviction for attempted felonious assault, and (4) 2011 Ohio convictions for burglary and attempted felonious assault.  (RE 22, Page ID ## 86, 90-91, 94).  The presentence report calculated a guidelines range of 180 to 210 months of imprisonment based on a total offense

level of 30, a criminal history category of VI, and the ACCA's 15-year mandatory minimum sentence. (*Id.* Page ID # 99). Perez objected to the use of his convictions for robbery and attempted intimidation as predicate offenses under the ACCA, and the district court overruled Perez's objections.[1] (RE 25, Page ID ## 119-21; RE 37, Page ID ## 218-22). The district court sentenced Perez to 210 months of imprisonment based on two factors: (1) his trafficking of firearms, rather than mere possession, and (2) his lengthy criminal history, which established a criminal-history category of VI even without the armed-career-criminal designation. (RE 30, Page ID # 183; RE 37, Page ID ## 237-39).

The ACCA requires a mandatory minimum sentence of 15 years for a defendant convicted of violating 18 U.S.C. § 922(g) who has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). On appeal, Perez contends that his conviction for attempted intimidation does not constitute a violent felony under the ACCA, but concedes that three other convictions trigger application of the ACCA's sentencing enhancement. (Appellant's Br. 10). Because the ACCA requires only three predicate offenses, we need not address whether Perez's conviction for attempted intimidation constitutes a violent felony. *See United States v. Bailey*, 634 F. App'x 473, 477 (6th Cir. 2015) (declining to consider the defendant's "alternative arguments about whether his other convictions qualify as violent felonies" where the district court properly found that three prior convictions constituted violent felonies). Perez argues that if his conviction for attempted intimidation does not qualify as a violent felony, he is entitled to a new sentencing hearing because the district court would be considering a defendant with three rather than four predicate offenses under the ACCA. However, the record demonstrates that the district court based Perez's sentence on his overall criminal history rather than the number of

---

[1] Perez challenges only the attempted intimidation conviction on appeal. He agrees that the robbery conviction constitutes a predicate offense.

predicate offenses under the ACCA, and the district court's imposition of a within-guidelines sentence on that basis was not an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 41, 52–53 (2007).  (RE 37, Page ID ## 238-39).

Accordingly, we **AFFIRM** Perez's sentence.