# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 10, 2023

Lyle W. Cayce
Clerk

No. 21-60423

Tomas Magdy Mady,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A058 574 948

Before Jones, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

Tomas Mady is a citizen of Egypt and lawful permanent resident of the United States. In 2012, he was convicted of attempted aggravated robbery in violation of Tennessee law and was sentenced to three years in prison. The federal government found him seven years later and placed him in removal proceedings for an "aggravated felony" conviction.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60423

8 U.S.C. § 1227(a)(2)(A)(iii).   Mady applied for withholding of removal under the Immigration and Nationality Act (INA) and protection under the Convention Against Torture (CAT).  The Immigration Judge (IJ) sustained the charge of removal because his conviction constituted an aggravated felony; denied withholding because he committed a particularly serious crime; and rejected CAT deferral of removal on the absence of proof that he would likely suffer state-sanctioned torture if he returned to Egypt.  The Board of Immigration Appeals (BIA) found no error and dismissed his appeal. Mady now petitions this court for review.  We DENY his petition.

## I. Jurisdiction

We generally lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed" an aggravated felony.  8 U.S.C. § 1252(a)(2)(C).[1] But "we retain jurisdiction to review related questions of law, including whether an alien's conviction constitutes an aggravated felony."  *Fosu v. Garland*, 36 F.4th 634, 636–37 (5th Cir. 2022) (citation omitted); *see also* 8 U.S.C. § 1252(a)(2)(D).  We review the BIA's decision and will consider the IJ's decision only to the extent it influenced the BIA.  *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).  The limited factual findings over which we have jurisdiction are reviewed for substantial evidence, and legal conclusions are reviewed de novo.  *Id.* at 517–18.

## II. Removability

An alien is removable if he is convicted of an aggravated felony. 8 U.S.C. § 1227(a)(2)(A)(iii).  As defined by Congress, an "aggravated felony" includes any "crime of violence ... for which the term of

---

[1] This jurisdictional bar does not apply to CAT orders.  *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020).

imprisonment [is] at least one year," 8 U.S.C. § 1101(a)(43)(F),[2] as well as attempts to commit an aggravated felony, *id.* § 1101(a)(43)(U). The Attorney General asserts that aggravated robbery qualifies as a crime of violence and that Mady is removable for attempting to commit it. To determine if that is so, we ask "whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony" that would make the alien removable. *Esquivel-Quintana v. Sessions*, 581 U.S. 385, 389, 137 S. Ct. 1562, 1568 (2017) (internal quotation marks omitted).

The generic definition of a crime of violence is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). The Tennessee statute under which Mady was convicted makes it a felony to accomplish a robbery "with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or . . . where the victim suffers serious bodily injury." TENN. CODE. ANN. § 39-13-402.

The Sixth Circuit, which encompasses the jurisdiction of Mady's conviction, has held that Tennessee aggravated robbery is a crime of violence. *See United States v. Gloss*, 661 F.3d 317, 319, 320 (6th Cir. 2011). We agree with that court's reasoning, for it only makes sense that any robbery "with a real or disguised deadly weapon, or that causes serious bodily injury, falls under . . . the definition of violent felony, as it necessarily involves 'the use, attempted use, or threatened use of physical force against the person of another.'" *Id.* at 319. Further, we agree with the Sixth Circuit that Tennessee simple robbery—the taking of property "from the person of

---

[2] Mady was sentenced to three years in prison, satisfying the term of imprisonment requirement of 8 U.S.C. § 1101(a)(43)(F).

No. 21-60423

another by violence or putting the person in fear"—is itself a crime of violence. *United States v. Mitchell*, 743 F.3d 1054, 1058–59 (6th Cir. 2014) (quoting Tenn. Code. Ann. § 39-13-401). Thus, Mady's conviction for attempted aggravated robbery fits squarely within the definition of an aggravated felony under § 1101(a)(43)(F), (U), making Mady removable.

### III. Withholding of Removal

An applicant for withholding of removal is ineligible if he was convicted of a "particularly serious crime." 8 U.S.C. § 1231(b)(3)(A). An "aggravated felony" conviction with a sentence of at least 5 years is a particularly serious crime *per se*. *Id.* § 1231(b)(3)(B)(iv). A conviction carrying a shorter sentence can also constitute a particularly serious crime if the Attorney General, in his discretion, so determines through a case-specific adjudication. *Id.*; *see also Hakim v. Holder*, 628 F.3d 151, 154–55 (5th Cir. 2010).

Because Mady's conviction of an aggravated felony carried a sentence of less than five years, withholding of removal remains available to him unless his conviction is deemed "particularly serious." *Vetcher v. Barr*, 953 F.3d 361, 368–69 (5th Cir. 2020). Here, the Attorney General found that Mady's crime was particularly serious, and the BIA agreed, noting the dangerous nature of the crime and the underlying facts of Mady's conviction. Our review is limited to whether the BIA applied the correct legal standard. *See Hakim*, 628 F.3d at 154–55; *Tibakweitira v. Wilkinson*, 986 F.3d 905, 910 (5th Cir. 2011). We find that it did. Accordingly, Mady's petition for review of withholding of removal is denied. To the extent Mady "asks us to reweigh the facts and find that his crime was not particularly serious," we lack jurisdiction to do so under § 1252(a)(2)(C). *Tibakweitira*, 986 F.3d at 911.

4

No. 21-60423

## IV. CAT Deferral

To obtain protection under CAT, a petitioner must show that "(1) it is more likely [than] not that he will be tortured upon return to his homeland; and (2) sufficient state action will be involved in that torture." *Tibakweitira*, 986 F.3d at 911. "Sufficient state action" can take the form of "consent or acquiescence of a public official." 8 C.F.R. § 1208.18(a)(1).

Mady, an Orthodox Christian, contends that he likely faces torture in Egypt and is eligible for CAT relief given his credible testimony showing regular discrimination and criminal extortion against Christians. The testimony of his expert, a professor at George Washington University, contains some assertions of discrimination, but none of torture. Further, though Mady's evidence describes instances of persecution against Christians by Muslims, it does not show that the Egyptian government has acquiesced to this violence. In sum, we find that substantial evidence supports the conclusion of the BIA that Mady failed to meet his burden of proof for CAT relief. *See* 8 C.F.R. § 1208.16(c)(2); *see also Chen v. Gonzalez*, 470 F.3d 1131, 1142–43 (5th Cir. 2006). Mady fails to show that his evidence compelled a different result. *See Munoz-Granados v. Barr*, 958 F.3d 402, 406 (5th Cir. 2020).

## IV. Conclusion

For the foregoing reasons, we DENY Mady's petition for review.